ANNIE KILGANNON v. JOHN JENKINSON.

*Bill to quiet title—Possession—Jurisdiction.*

One who is not in possession cannot maintain a bill to quiet title, and an averment in the bill that defendant has entered upon the premises, and by personal force and violence has prevented complainant from occupying or using them, has the effect of negativing a fact that is necessary to the theory of the bill.

Equity cannot take cognizance of a dispute as to the true location of the boundary between the premises of parties, if the settlement of such dispute leaves no question as to the title to the property on either side; the remedy is at law.

The comparative means of the parties to a boundary dispute are immaterial to the question whether the case should fall within the jurisdiction of law or of equity.

Appeal from St. Clair.   (Stevens, J.)   June 22.—July 2.

BILL to quiet title.   Defendant appeals.   Reversed.

*Chadwick & Cline* for complainant.

*B. C. Farrand* and *Wm. T. Mitchell* for defendant. A court of chancery will not try titles to land: *Devaux v. Detroit* Har. Ch. 98; *Moran v. Palmer* 13 Mich. 367; *Barry v. Shelby* 4 Hayw. 229; unless there is an equity against the adverse claimant: *Lange v. Jones* 5 Leigh 192; *Wake v. Conyers* 1 Eden 331; and some objection to a suit at law: *Payne v. Riley* 4 Dana 38; as that the boundary cannot be found: *Miller v. Warmington* 1 J. & W. 464; a bill to quiet title cannot be maintained if it shows that com-

plainant is in possession : *Barron v. Robbins* 22 Mich. 35 ;
naked pretence of title will not support it : *Torrent v. Mus-
kegon Booming Co.* 22 Mich. 354.

GRAVES, C. J. This bill was filed on the supposition that
it contained a case for the jurisdiction to quiet title, and
the circuit judge conceded to it that character and granted
relief. Was the decree authorized ?

A brief reference to the pleadings is proper. Complain-
ant substantially alleges that she owns in fee, and for more
than ten years has occupied, lot 3 in block 7 of the plat of
the subdivision of the Fort Gratiot Military Reservation
in the city of Port Huron, and caused it to be fenced in ;
that defendant owns adjoining lot 7, on what is known as
" Cemetery Grant ; " that in May, 1882, he asserted a claim
to the west ten feet of her lot, and under such claim forci-
bly tore down the fence and entered upon said ten feet and
by " actual personal force and violence has prevented her
from occupying or using the same or rebuilding her fence.'"
Defendant admits being owner of lot 7 and that complain-
ant is owner of lot 3 and that the east line of " Cemetery
Grant" corresponds to the west line of lot 3 and the east
line of lot 7. But he denies that the ten feet claimed by
complainant belongs to lot 3, and avers that it is a part of
lot 7. He admits tearing down the fence, and that he means
to repeat the act in case a fence is again put up on his land ;
but he denies having committed any trespass.

The statement just cited from the bill is such as to war-
rant special notice. It amounts to an allegation, and almost
in terms, that defendant expelled complainant from the ten
feet of land in question and is keeping her out of the oc-
cupation ; which is the same as saying that she is not in pos-
session, but is kept out by the defendant.

The effect of this allegation is to negative a fact which
is necessary for the theory of the bill. *Barron v. Robbins*
22 Mich. 35 ; *Blackwood v. Van V ext* 11 Mich. 252 ; *Meth-
odist Church of Newark v. Clark* 41 Mich. 730.

But this is not all. The showing by evidence fails to

make out a possession in complainant at the time she began the suit. The only inference admissible is either that the defendant was then in possession or that the locus in quo was vacant.

Passing this ground of objection, another difficulty is noticeable. A full review of the proceedings makes it entirely clear that the fundamental dispute is about the correct position of the line between lots 3 and 7. The case is not one where a complainant in possession of a specific piece of land, and a defendant out of possession, but claiming some right or title, are contending as to which one has the better right to that same parcel; but it is a case where the titles are not opposed, and the basis and existence of all right and claim depend simply upon where the original line runs. When that is once settled there can remain no semblance of claim or cloud to be passed on, and the issue on that particular question is one regularly triable at law.

The distinction in these cases between the jurisdiction of law and equity depends in no manner on the comparative means of the parties, and the suggestions in the bill respecting the ability of defendant and the inability of complainant have no pertinence on this point.

The result is that the case in the record is not one of which a court of equity is authorized to take cognizance. The grievance implies legal remedies, and there are no elements to divest the jurisdiction at law and entitle equity to deal with the controversy. *Wykes v. Ringleberg* 49 Mich. 567.

The decree should be reversed and the bill dismissed with costs.

The other Justices concurred.