ADA B. WILMARTH v. ROBERT B. WOODCOCK.

*General demurrer—Encroachment by cornice projecting over boundary—Allegations in bill to abate nuisance—Irreparable injury—Ejectment.*

1. A general demurrer to a bill in chancery challenges the equity of the case therein presented, and must be overruled if it sets out any case for equitable relief, however imperfectly.

2. A bill in equity will lie against complainant's neighbor for building and maintaining a cornice that projects over complainant's boundary line to the permanent injury and depreciation of his property.   And this is so, though a remedy be given by statute (How. Stat. ch. 273) for the abatement of a private nuisance where the party complaining thereof has recovered therefor in an action on the case.

3. Whether, in a chancery bill to abate a private nuisance, it is necessary to allege that the injury it does exceeds $100; and whether the suit must fail, if it falls below that—Q.   But a bill alleging that the injury amounts to $500 is not bad for setting up a standard of damages that might be recovered at law.

4. The "irreparable injury" alleged as a ground of equitable jurisdiction, is not necessarily such injury as cannot be measured by a pecuniary standard.

5. The allegation in a bill to abate the private nuisance of an encroachment on complainant's premises, that defendant has claimed ownership of a strip thereof, is not such a statement of a dispute about a boundary as would deprive the court of jurisdiction, if the bill states with certainty the actual boundary and complainant's ownership on one side.

6. As between the parties to a bill to abate a nuisance by encroachment, the complainant, being in possession of the invaded premises, cannot bring ejectment; it is for the party maintaining the nuisance to do so if he claims the right to them.

Appeal from Kent. (Montgomery, J.) Oct. 29.—Nov. 19.

BILL to abate nuisance.   Defendant appeals.   Affirmed.

*Harvey Joslin* for complainant.

*Mark M. Powers* and *O. C. Ransom* for defendant.

CHAMPLIN, J.   This is a general demurrer for want of equity to a bill of complaint filed by the complainant against the defendant to abate a private nuisance.   The material allegations of the bill are that the complainant is the owner of lot 15, in block 10 of Bostwick and Co.'s addition to the city of Grand Rapids, except a strip six feet in width, front and rear, off from north of said lot; that her lot is forty-four feet in width, fronting on Sheldon street, and constitutes her homestead; that defendant owns the land next to and adjoining her land on the north; that a line fence marks the boundaries of their respective lands; that defendant commenced the erection of a barn upon his premises so near the line that she feared the cornice would project over upon her premises; that she made inquiries of defendant as to whether he intended to construct a cornice over her premises, but could obtain no information from him as to his intentions; that she warned him that he must not so construct his barn as to cause any part of it to project over her premises.   Nevertheless defendant built his barn near the line, and constructed a cornice which projects over her premises a distance of sixteen inches at the west end, and six inches at the east end, and covers a distance of twenty-one feet in length; that the cornice is

built upon a gable of the barn, and at the eaves is about fifteen feet above the ground, and the peak is about twenty-eight feet above the ground ; that the projection of said cornice over the line of said lot, as herein set forth, materially and permanently injures her said property ; that it would prevent the use of a portion of her said land for the purposes of a residence ; that it very materially injures the looks of her homestead, and would very much depreciate the market value thereof, and render it unsalable ; that, having but a limited amount of land, such an unjust appropriation is an irreparable injury to her homestead, and the evident intent, as your oratrix verily believes, of the said Robert B. Woodcock, in wrongfully infringing upon her rights in this regard, is to ultimately encroach still further upon her premises, as he has given out and insisted that he owns three feet in width off from the north side of your oratrix's said land, which he intends, as your oratrix has been informed and believes, to recover unjustly from her. And your oratrix further shows, and charges the fact upon her best judgment and belief, that if said projection is permitted to remain, her said homestead will be thereby depreciated in its market value, and in value, considering the injury in its looks and convenience in the use and enjoyment of her said property, at least $500.

The defendant claims that the bill states no case for equitable relief—*first*, because it appears by the bill that there is a dispute about the boundary ; and *second*, complainant has an adequate and complete remedy at law, in an action of trespass or trespass upon the case, and because the injury does not appear to be irreparable, since she states the depreciation in the market value of her homestead will be at least $500, and it is not alleged that defendant is pecuniarily irresponsible and unable to respond in damages at least to that amount.

A general demurrer challenges the equity of the case made by the bill, and must be overruled if a case for equitable relief is set out, however imperfectly. *Glidden v. Norvell* 44 Mich. 206 ; *Hoffman v. Ross* 25 Mich. 175 ; *Clark*

*v. Davis* Har. Ch. 227. The bill states a case for equitable relief. The continued invasion of complainant's rights of property by the maintenance of the projection of the cornice over her north line, constituting a permanent injury to and depreciation of her property, addresses itself to and calls in exercise the equitable jurisdiction of the court. No remedy ✓ at law is adequate, owing to the uncertainty of the measure of damages to afford complete compensation. In one sense it is taking from complainant her property without condemnation and without due process of law. No person can be permitted to reach out and appropriate the property of another, and secure to himself the adverse enjoyment and use thereof, which, in a few years, will ripen into an absolute ownership by adverse possession.

How. Stat. ch. 273, provides a remedy, where the plaintiff prevails in an action on the case for a private nuisance, for the abatement of the same. It is quite evident that there may be cases where the present injury would be so inconsiderable to the mind of a jury that, although the nuisance complained of might be of the most annoying kind, they might fail to give the plaintiff a verdict for damages. This statute does not take away the jurisdiction of a court of equity; but affords a concurrent remedy; and we can see no good reason for turning the complainant out of a court having full and complete jurisdiction to seek her remedy in a court having not greater but more limited power to afford complete and adequate relief. *Fraedrich v. Fliette* 25 N. W. Rep. 28: 63 Wis. ; *Denner v. Chicago, Milwaukee & St. Paul Ry. Co.* 57 Wis. 218.

The statement that the depreciation of her property will be at least $500 does not deprive the party of relief in a court of equity. The object of the pleader in making the averment was doubtless to show that the injury exceeded $100. We do not feel called upon to say, upon this record, whether an averment of the kind is necessary in cases of nuisance, nor that a suit in equity must fail if the proofs should disclose that the damage was less than $100.

Irreparable injury, in the sense in which it is used in con-

ferring jurisdiction upon courts of equity, does not mean that the injury complained of is incapable of being measured by a pecuniary standard; nor does it appear from the face of the bill that the injury complained of, for which relief is sought, is a question of a disputed boundary between the parties. The bill states with certainty and particularity the boundary line between her and the defendant, and her ownership in fee of the land south of such boundary. Her averment that she believes that defendant intends ultimately to encroach still further upon her premises, and stating as the basis for such belief that defendant has given out and insisted that he owns three feet in width off of the north side of her land which he intends unjustly to recover from her, is not such a statement of a dispute about a boundary as would deprive the court of jurisdiction. The defendant urges that he has a right to have his title to the three feet, which he insists he owns, and which is in the possession of the complainant, tried by a jury. This suit does not deprive him of that right. The courts of law are open, and the remedy by ejectment is ample, and he is the only party who can bring the action.

The decree of the court below is affirmed with costs. The record will be remanded, with leave for defendant to answer in twenty days on complying with the order of the court below as to payment of costs.

The other Justices concurred.