CAMPBELL *v.* KENT CIRCUIT JUDGE.

EQUITY JURISDICTION—INJUNCTION—BOUNDARIES.
  A court of equity is not deprived of its jurisdiction to quiet
  title and to issue an injunction in a proper case by the fact
  that a determination of the questions involved requires the
  location of a disputed boundary.

*Mandamus* by James Campbell to compel Allen C.
Adsit, circuit judge of Kent county, to dissolve an injunc-
tion. Submitted October 6, 1896. Denied February 18,
1897.

*Frederick W. Stevens*, for relator.

*M. H. Walker*, for respondent.

MONTGOMERY, J.    One Frances A. Shafer filed a bill
in the circuit court for Kent county against the relator,
praying that the title to certain land of complainant be
quieted, and also praying for an injunction to restrain the
defendant from building a cement driveway and cement
or stone coping upon land claimed to belong to com-
plainant, and adjoining the boundary line between land
owned by complainant, on the one side, and defendant,
on the other. The circuit judge granted an injunction.
The defendant moved to dissolve the injunction, and,
upon the application being refused, applies to this court for
*mandamus* to compel the dissolution of the injunction.

The relator contends that a court of equity has not
jurisdiction to settle a dispute over a boundary line, and,
therefore, that the court had no jurisdiction in this case
to grant the injunctive relief prayed. The cases relied
upon are *Andries* v. *Railway Co.*, 105 Mich. 557; *Wykes*
v. *Ringleberg*, 49 Mich. 567; *Bresler* v. *Pitts*, 58 Mich.
347. These cases undoubtedly establish the doctrine that

a court of equity has not jurisdiction to settle every dispute relating to a boundary line, or, to use the language of Mr. Justice CAMPBELL in the case last cited, that "there is no jurisdiction in a court of equity to settle boundaries merely because disputed and difficult of ascertainment." On the other hand, if a case is brought within some other head of equity jurisprudence, it is not conceived that the mere fact that there is involved in the question of the complainant's right a necessity for fixing a boundary line ousts the court of jurisdiction. This was determined in *Wilmarth* v. *Woodcock*, 58 Mich. 482, 66 Mich. 331. See, also, *Stewart* v. *Carleton*, 31 Mich. 270.

The bill in this case sets out that complainant occupies the premises described in her bill, and has been in the full and complete possession thereof since the 28th of January, 1870; that there was an adjustment of the boundary line between herself and the prior owners of the lot occupied by defendant, upon the line now claimed, and that a fence was constructed upon this line, and has since been treated and acquiesced in by all the parties as the true line fence; that complainant has occupied the premises for more than 21 years; that, when defendant purchased the land, the fence was pointed out to him as a true boundary, and that he bought with that knowledge and understanding; that said fence became old, and was removed in the last few years, but that most of the posts that marked the location of the same are still there in the ground, although some of them, at the rear, have been removed or buried by said defendant; that defendant is about to take possession of said disputed strip, and build on the front portion, and running about 40 feet back, a cement stone coping and cement or tar driveway; that nearly the whole coping and part of the driveway is upon complainant's lot, and north of the line of said fence or posts; that, for a large portion of said 40 feet, said fence or coping will come under complainant's eaves; that the strip which defendant declares his intention to take possession of is worth $200, and the building of said coping will damage complainant over

$100; and that two men have commenced to remove the turf to build said coping, and will, unless enjoined, dispossess complainant. This is followed by an allegation of irreparable injury, and by the prayer, which includes a prayer that the title of complainant be quieted, for an injunction, and for general relief. By the case made by complainant below, it also appears that she is in possession, and that the remedy by ejectment was not open to her at the time of filing the bill, and it would appear, also, that an action of trespass, or even of ejectment, based upon the occupancy by defendant of that portion of the land which he proposed to take for the driveway and coping, would not settle the right to the other portion of the disputed territory in the rear of the lot. 2 How. Stat. § 6626. We think a *prima facie* case for equitable relief was made out by the bill, and it follows that, the court having jurisdiction of the subject, we will not, by *mandamus*, review the action of the circuit judge in refusing to dissolve the injunction.

The other Justices concurred.