### RHOADES v. McNAMARA.

1. INJUNCTION — CONTINUING TRESPASS — USE OF PRIVATE ROADWAY.

Where defendant persisted in using a roadway across complainant's land, contrary to complainant's will and under an unfounded claim of right, complainant was entitled to an injunction, and was not bound to submit to the trespass and sue for damages; nor was he to be deprived of his rightful remedy because defendant, at the time of commencement of suit, had almost completed his use of the way.

2. SAME—EQUITY JURISDICTION—DAMAGES—JURY TRIAL.

Where equity has jurisdiction of a suit to enjoin a continuing trespass, it should give such relief as will finally dispose of every question involved; and an award of damages is not objectionable as depriving defendant of the right of trial by jury.

Appeal from Van Buren; Carr, J. Submitted January 12, 1904. (Docket No. 17.) Decided February 16, 1904.

Bill by Lewis Rhoades against Ed. McNamara to enjoin the use of a roadway across complainant's land. From a decree for complainant, defendant appeals. Affirmed.

*W. J. Barnard,* for complainant.

*Thomas J. Cavanaugh,* for defendant.

CARPENTER, J.  Complainant gave to one Aaron Tall-man a license to construct a roadway across his land, and to draw over the same certain timber belonging to him. After this timber was drawn, defendant, who had been in Tallman's employ, contrary to the objections of complainant, drew over said roadway timber belonging to himself, and persisted in so using said roadway, notwithstanding the objections of complainant.  This bill was filed for the purpose of procuring an injunction restraining said use, and compensation for the damage.  Complainant obtained a decree.

Defendant insists that this decree should be reversed, on the ground that complainant, by recovering damages in a suit at law, has an adequate remedy.  Defendant persisted in using this road, contrary to complainant's will, under an unfounded claim of right.  Under these circumstances, must the complainant quietly submit to this invasion of his rights, and content himself with suing for damages ?  Clearly not.  He has a right to have this continuing trespass stopped by an injunction.  *Wilmarth* v. *Woodcock,* 58 Mich. 482, 66 Mich. 331 (25 N. W. 475, 33 N. W. 400); *Campbell* v. *Kent Circuit Judge,* 111 Mich. 575 (70 N. W. 141); *F. H. Wolf Brick Co.* v. *Lonyo,* 132 Mich. 162 (93 N. W. 251).

It is also urged that, at the time this suit was commenced, defendant had practically completed the drawing of his timber, and therefore there was no need of the injunction.  We think it is to be inferred from the record that, when complainant commenced this suit, he supposed that defendant intended to persist in wrongfully invading his rights.  Defendant himself testifies, "We hauled out lumber the same night that he [complainant] said he was going to get the injunction."  Complainant should not be deprived of his rightful remedy because defendant moved the timber more expeditiously than he expected.

The court below awarded $16 as compensation for complainant's damages. It is urged that to permit this to stand is to deprive defendant of his constitutional right of a jury trial. This position is not sound. From the foregoing consideration, it will appear that the controversy is one of which chancery had jurisdiction. Having jurisdiction, the court should dispose of every question involved. *George* v. *Wyandotte Electric-Light Co.*, 105 Mich. 5 (62 N. W. 985). It was therefore not a case in which defendant had a right to a jury trial.

Decree affirmed.

The other Justices concurred.