SAGINAW LUMBER & SALT CO. *v.* GRIFFORE.

1. Injunction—Restraining Trespass—Propriety of Granting —Sufficiency of Bill and Affidavits.

A bill and affidavits that show that complainant is the owner in fee of a certain island and has been in actual possession thereof and the fishing rights appurtenant thereto for upwards of 20 years, that the fishing rights are of the value of $1,000 per year, that defendant leased a right to fish for the past year from complainant, that his lease has expired, but he threatens to continue fishing and trespassing upon the lands for the coming year resulting in irreparable loss to complainant, and that defendant is irresponsible financially, show a prima facie case for an injunction.

2. Certiorari—Contempt—Disregarding Injunction—Validity of Injunction.

Where an injunction issues on the filing of a bill and affidavits making a prima facie case, and the court subsequently refuses to dissolve it on motion and a hearing, and the order refusing to dissolve is not appealed from, but defendant ignores the injunction, resulting in his being convicted and fined for contempt, the conviction cannot be set aside on certiorari, on the ground that the injunction was void and that defendant was not guilty of contempt in disregarding it.

Certiorari to Saginaw; Gage, J. Submitted April 19, 1906. (Docket No. 102.) Decided July 23, 1906.

Bill by the Saginaw Lumber & Salt Company against Andrew Griffore to enjoin a trespass upon lands. There was an order adjudging defendant guilty of contempt, and he brings certiorari. Affirmed.

*Weadock, Purcell & Weadock,* for complainant.

*F. L. Eaton* and *A. E. Snow,* for defendant.

Moore, J. The complainant in October, 1905, filed an injunction bill, and obtained a temporary injunction.

The defendant answered the bill, and moved to have the injunction dissolved. After a hearing the motion to dissolve the injunction was overruled. No appeal was taken from this order. After this motion was decided an amended answer was filed. The defendant ignored the injunction. He was cited before the court to show cause why he should not be punished for contempt. To this citation he made answer. After a hearing he was found guilty of contempt by the judge, who directed that he pay a fine of $25 or in default thereof that he be confined in the county jail, etc. A precept was issued and placed in the hands of the sheriff for his arrest, because he had not paid the fine as provided in the order. He then paid the fine to the sheriff and now seeks by the writ of certiorari to review the action of the circuit judge in adjudging him guilty of contempt.

It is claimed the injunction was void because it deprived the defendant of the right to carry on his occupation without a hearing, and as the injunction was void, defendant was not guilty of contempt in disregarding it. In the bill of complaint it was alleged that complainant was, by proper conveyances to its grantors and from them to it, the owner in fee of Crow Island, and had been in the actual possession thereof and the fishing rights pertaining thereto, for upwards of 20 years, and that the fishing rights are worth $1,000 annually. Paragraph 6 of the bill reads:

"For the past twenty years your orator has been for the most of the time operating a saw mill and lumber and salt plant on the main land above described as 640 acres, which includes said Crow Island and that during all of said time your orator has been in absolute and undisputed actual possession of said island and the whole thereof, and all riparian and fishing rights, belonging thereto, and exercised said possession and control over the same by using said island in connection with said lumbering business, and to boom logs and conducting, renting, and controlling the fishing rights pertaining thereto."

Paragraph 8 of the original answer says:

"Answering the sixth paragraph, defendant admits the same."

The bill alleges in detail the method of leasing the fishing rights, the making of a lease to defendant for the fishing season ending in the spring of 1905. It then alleged frequent trespasses by defendant both on the island and in the fishing grounds, and defendant's intention to continue these trespasses, resulting in irreparable loss to complainant unless restrained, and that the defendant was wholly irresponsible financially.

Defendant in his answer insisted he had the right to fish as he proposed to do, and had exercised that right for a series of years. We do not think it can be said the injunction was void. The bill of complaint and the affidavit accompanying it made a prima facie case. After a full hearing, the circuit judge in the exercise of his discretion refused to dissolve the injunction. No appeal was taken from that order, but defendant proceeded to ignore it. We do not think him entitled to the writ he asks. See *Campbell* v. *Kent Circuit Judge*, 111 Mich. 575; *Swett* v. *Thorkildsen*, 115 Mich. 314; *Davis* v. *Township of Frankenlust*, 118 Mich. 494; *F. H. Wolf Brick Co.* v. *Lonyo*, 132 Mich. 162; *Rhoades* v. *McNamara*, 135 Mich. 644.

The order of the circuit court is affirmed.

CARPENTER, C. J., and MONTGOMERY and HOOKER, JJ., concurred.

OSTRANDER, J. I concur in affirming the case upon the ground that the order appealed from has been satisfied and discharged.