COLEMAN *v.* ROBENS.[1]

1. APPEAL AND ERROR—THEORY OF CASE—QUESTIONS NOT RAISED AT TRIAL.

Where, at the trial of an action in ejectment to establish a boundary line, plaintiff disclaims any claim of adverse possession, she is not entitled to make such claim on error.

2. BOUNDARIES—ESTABLISHMENT—SURVEY — QUESTION FOR JURY.

In ejectment to establish a disputed boundary line, plaintiff claiming under a survey followed by the building of a fence upon the line so established, evidence examined, and *held*, sufficient to go to the jury on plaintiff's theory, notwithstanding the claim that plaintiff's cross-examination destroyed the effect of his direct testimony.

Error to Calhoun; Adams, J. Submitted October 18, 1906. (Docket No. 102.) Decided November 7, 1906.

Ejectment by Martha M. Coleman against Ammiel Robens and Maria P. Robens. There was judgment for defendants on a verdict directed by the court, and plaintiff brings error. Reversed.

*Hatch & Anderson*, for appellant.

*William E. Ware*, for appellees.

MOORE, J. This is an action in ejectment to recover the possession of a strip of land described in the declaration as follows:

"A piece of land six feet nine and one-fourth inches wide east and west, on the street line; nine feet and seven inches wide on the south end; eight rods long north and south, off the west side of the following described parcel of land, to wit: That certain piece or parcel of land situate and being in the city of Battle Creek, county of Calhoun and State of Michigan, and described as follows,

---

[1] Rehearing denied April 2, 1907.

to wit: Commencing in the center of Goguac street at the northwesterly corner of land heretofore conveyed by David Coy and wife to John T. Bottomly, by deed dated October 30, 1884, and recorded in the office of the register of deeds for Calhoun county, in book 115 of deeds, at page 192; running thence westerly in the center of Goguac street four rods to the land of Robens (formerly Mrs. Mead's); thence southerly along the easterly boundary line of said Robens' land ten rods; thence easterly parallel to said Goguac street four rods; thence northerly to place of beginning. The west boundary of which said land is the line of an old fence, the evidence of which still remains. Which said premises the said plaintiff claims in fee simple."

The defendants pleaded the general issue. After the evidence was all in the judge directed a verdict in favor of defendants. The case is brought here by writ of error.

We cannot consider all of the questions discussed by counsel for appellant in their brief because of what is shown in the record. They argue in the brief that plaintiff obtained title to the disputed strip by adverse possession. It is true that, when a witness was testifying, a claim was made by counsel that, though the fence was not on the line as originally established, the plaintiff gained a right there by 15 to 30 years of occupation; but, after the motion was made to direct a verdict, and before the judge ruled thereon, counsel for plaintiff stated in open court that they made no claim of adverse possession. Disclaiming any claim of adverse possession in the court below, they cannot make it now.

Did the court err in directing a verdict? The strip in dispute relates to the boundary line between the parties. It is claimed by the plaintiff that prior to 1872 his grantor caused a survey to be made for the purpose of fixing the boundary line, and that, acting upon that survey, a fence was built upon the line so established as a boundary fence, and that it remained there acquiesced in as a boundary line so long that it settled for all time the boundary line. It is plaintiff's further claim that it was not until eight or nine years ago that any one questioned where the boun-

dary line was, and the first persons to question it were the defendants. Defendants deny they ever disturbed the boundary fence or the boundary line as fixed as early as 1872. They deny the line was established where plaintiff claims it was. Counsel for defendants say the testimony offered by plaintiff fails to make any case to be submitted to the jury. We cannot agree with counsel. There is testimony tending to support the claim of plaintiff as to the making of a survey as early as 1872 for the purpose of fixing the line, of the building of a fence thereon which was recognized by the parties in interest as a boundary fence for upwards of 20 years. It is claimed by counsel that the cross-examination of the witnesses for the plaintiff does away with the effect of their testimony. We think the most that can be said is that whether it did away with the value of their direct testimony was a question for the jury. As to the effect of making a survey for the purpose of fixing a boundary line, the building of a fence thereon, and the long recognition of it as a boundary line, see *Smith* v. *Hamilton,* 20 Mich. 433; *Joyce* v. *Williams,* 26 Mich. 332; *Diehl* v. *Zanger,* 39 Mich. 601; *Fahey* v. *Marsh,* 40 Mich. 236; *Burns* v. *Martin,* 45 Mich. 22; *Beaubien* v. *Kellogg,* 69 Mich. 333; *Carpenter* v. *Monks,* 81 Mich. 103; *Manistee Manfg. Co.* v. *Cogswell,* 103 Mich. 602; *Pugh* v. *Schindler,* 127 Mich. 191.

We do not think it necessary to discuss the other claims of counsel for appellant. They are either not well taken, or the matter about which complaint is made will not occur again.

For the reason stated, the judgment is reversed, and a new trial granted.

CARPENTER, C. J., and McALVAY, GRANT, and BLAIR, JJ., concurred.