DOLAN v. SMITH.

BOUNDARIES—ASCERTAINMENT—CHANCERY JURISDICTION.

Equity determines questions of boundary line only when encountered while administering a remedy which properly belongs to some recognized head of equity jurisprudence and has not jurisdiction of a bill to restrain interference with complainant's purpose to build a sidewalk over a disputed strip along the boundary between two lots, of which strip complainant had not possession at the time the bill was filed.

Appeal from Ionia; Davis, J. Submitted October 11, 1906. (Docket No. 53.) Decided March 5, 1907.

Bill by Terry Dolan and Mary A. Dolan against Judith E. Smith to determine the boundary line of certain lots. From a decree dismissing the bill, complainants appeal. Affirmed.

*John Nichol*, for complainants.

*Scully & Davis*, for defendant.

MONTGOMERY, J. Complainants filed a bill of complaint, alleging that they are owners of lot 31 of Merritt & York's addition to the city of Ionia; that defendant is the owner of lot 30 adjoining 31 on the west; that complainants purchased their lot in 1881, and defendant and her former husband became the owners of lot 30 in 1882; that each lot is platted 50 feet in width; that Jackson street marks the boundary of lot 30 on the west; that measured from the east line of Jackson street as occupied to the line claimed by defendant she would have 18 inches too much width. The bill further avers:

"*Fifth.* Your orator and oratrix further show that shortly after they purchased said lot No. thirty-one (31), as aforesaid, they erected a line fence extending one-half the distance from the south line of said lots to the north

line thereof, but placed the whole of said fence upon their own land, and east of the dividing line running north and south between said lots thirty (30) and thirty-one (31); that said fence is now in existence, having remained there since the time it was so erected.

"*Sixth.* Your orator and oratrix further show that no fence was erected upon said land between said lots number thirty (30) and thirty-one (31) upon the north half of said lots at said time, nor for several years thereafter, but that about 8 or 10 years ago said defendant erected or caused to be erected a fence upon the said north half of said division line of said lots, but placed the whole of said fence upon the west side of said line. That said fence when so erected extended from the north line of said lot thirty (30), and upon west side to a point opposite the extreme north end of the fence erected by your orator and oratrix, but that the ends of said fence when so constructed did not meet or connect, for the reason that each of said parties had erected and placed the fences erected by them on their own lands and on their own side of the dividing line of said lots."

The bill avers a purpose to build a cement walk in front of complainants' premises, and threats on the part of defendant to interfere with any attempt to do so, and prays an injunction and a decree quieting title. The answer denies that Jackson street, as opened, marks the west line of defendant's lot 30, but admits it is bounded on the east by lot 31. Admits that complainants erected a line fence on the south half of this lot, but avers that it was not built wholly on complainants' land, but avers that it was built on the line. Admits that the fence was not extended to the north line, but states that afterwards defendant built a fence wholly on her own land extending south from the north line of the lot; that this was a temporary fence afterwards removed. Avers that the line of demarkation between the two lots was marked by an iron post set in the fence running along Main street, and avers that complainant is attempting to oust defendant of a small piece of land owned and occupied by her, and prays the benefit of a demurrer. On the hearing, the circuit judge held that the complainants had not made a case for

equitable relief, and dismissed the bill without prejudice to an action at law, and without costs to either party. Complainants appeal.

The testimony is discussed at great length, as it bears upon the question of the true boundary line as shown by the surveys, and also as it bears upon the establishment of a line by acquiescence. We do not find ourselves able to assent to complainants' contention that we should determine these questions on this record. The rule is settled by repeated adjudications that the equity court has no inherent jurisdiction to determine boundary lines. *Wykes* v. *Ringleberg*, 49 Mich. 567; *Andries* v. *Railway Co.*, 105 Mich. 561. It is true that a court of equity may determine a question of a boundary line when encountered while administering a remedy which properly belongs to some recognized head of equity jurisprudence. See *Campbell* v. *Kent Circuit Judge*, 111 Mich. 575. In this case, however, the complainants do not bring themselves by their proofs within the jurisdiction in equity. They fail signally in showing that they were at the time of filing the bill in possession of the disputed strip. The testimony shows the contrary. The testimony shows that complainants have never constructed a walk over this disputed strip before. This is a plain attempt to acquire possession and settle a disputed boundary in equity.

The decree is affirmed, with costs of this court to defendant.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.