# JANUARY TERM, 1908.*

## SIMMONS v. DAY.

INJUNCTION—TRESPASS—REAL ESTATE—QUIETING TITLE—BILL—
SUFFICIENCY.

A bill alleging ownership and possession of certain lands, and
praying an injunction to restrain the cutting of timber
thereon, and a decree determining the ownership of the tim-
ber and compensation for the timber already cut, does not
merely incidentally involve the title to the land, but, the
answer claiming title in defendant, the title is directly in-
volved, and, there being no prayer that title be quieted, the
averment of possession in complainant is immaterial in sup-
port of equitable jurisdiction.

Appeal from Van Buren; Des Voignes, J. Submitted
October 25, 1907. (Docket No. 141.) Decided January
31, 1908.

Bill by Leander Simmons against Byron G. Day to re-
strain the cutting of certain timber, to quiet title, and for an
accounting. From a decree dismissing the bill, complain-
ant appeals. Affirmed.

*A. L. Free* (*E. J. Anderson*, of counsel), for com-
plainant.

*Lincoln H. Titus*, for defendant.

In his bill, complainant avers ownership and, since the
date of his deed in 1863, continued occupancy of land de-

---

* Continued from Vol. 150.

scribed as the southeast fractional quarter of section three
in Pine Grove township, Van Buren county.   He charges
that defendant, in October, 1906, purchased adjoining
land, and on January 22, 1907, began cutting and carry-
ing away pine timber from the said land of complainant
under a claim of right, threatens to continue such cutting
and removal of timber, which is worth more than one
hundred dollars, and would, unless restrained, inflict a
great and irreparable injury.   The bill prays for an in-
junction, for a decree determining the ownership of the
timber, and fixing the compensation to be paid for the in-

jury suffered.   The answer of the defendant admits the
complainant's ownership of the land described above, ad-
mits the cutting of some timber, but denies that complain-
ant owns the land upon which the timber is growing, and
asserts that defendant and his wife are the owners thereof
under a deed conveying to him the southwest fractional
quarter of the same section.   It is further averred that
defendant and his grantors have for more than twenty-
five years been in the open, adverse, continuous, notori-

ous, hostile, possession of said land.  It appears that a portion of the southwest quarter of section three is occupied by a meandered lake which at its extreme eastern end invades the northwest quarter of the southeast quarter of the section, and that the particular piece of land is about three acres, triangular in form, in the northeast quarter of the southwest quarter, separated by the lake from the remainder of the southwest quarter.  It is not a part of the description of land described in the complainant's deed unless it was by meander and survey made a portion of the northwest quarter of southeast quarter. The accompanying diagram is a reproduction of the map of the government survey made in 1829.

Timber of the value of $40 was cut.  The decree, from which complainant appealed, dismissed the bill and contained also a finding and determination that defendant and his wife jointly own the land in question.  While insisting that he is entitled to the relief prayed for in his bill, complainant asks, in any event, for a modification of the decree upon the ground, I quote from the brief, that—

" The bill of complaint did not ask to have the title quieted but did ask to have a decree that the timber on said land, whether standing or cut, belonged to the complainant.  Nor did the defendant file a cross-bill asking to have his title to said premises quieted, hence there was nothing in the case to determine except as to the ownership of this timber, which perhaps incidentally brought into the case a dispute as to the title of the land, but we insist that it was not necessary to determine more than the title to the timber.   *   *   *   We were entitled to have the title to this land settled by an action in ejectment wherein we could have three separate and different trials if we desired, but the decree   *   *   *   has taken away from us that right, and denies unto us certain privileges granted by the laws of this State."

OSTRANDER, J. (*after stating the facts*).  In asserting equitable jurisdiction, complainant claims to have brought his case, by the averments in his bill, within the rule of *Campbell* v. *Kent Circuit Judge,* 111 Mich. 575;

*Brassington* v. *Waldron*, 143 Mich. 364, and the cases cited in the opinions delivered in those cases. In both of those cases, the court was asked to find that a boundary line between properties had been established and to restrain threatened trespasses, likely to result in irreparable injury, pending the determination of the principal issue. Unlike the instant case, however, the question of the true boundary line was submitted to the court for authoritative and final determination, and in *Campbell* v. *Kent Circuit Judge* it was asked that the title be quieted. The questions presented to this court in those cases arose and were determined upon the pleadings. In the case now before us, counsel for complainant could have labored under no misapprehension concerning the issue made by the bill and answer. Title to the land was not *incidentally* involved in the matter of title to the timber; title to the timber depended upon title to the land. If an action of trespass had been begun in justice's court, and equivalent pleadings had been filed, the case must have been certified to the circuit court for trial for the reason that title to land was involved. Unless complainant owns the land there has been no trespass, no trespass is threatened, there is no injury, irreparable or other. The testimony produced is directed wholly to the question whether complainant, or defendant and his wife, owns the particular parcel of land. If complainant does not own the land, it is because defendant and his wife do own it. The contention of complainant's counsel then amounts to this: If the court determines that complainant owns the land, defendant shall be enjoined from taking timber from it; if the court finds that complainant does not own the land and that defendant and his wife, jointly, do own it, the effect shall be merely a determination of title to the timber. This theory, it is clear, renders the allegation of the bill that complainant is in possession of the land entirely immaterial for the purpose of supporting equitable jurisdiction, especially so when it is considered that the wife of defendant is not brought upon the record. The case is

within the rule of *Dolan* v. *Smith,* 147 Mich. 276, and the decree dismissing the bill should be affirmed without prejudice to the rights of either claimant of the title to begin an action at law.   Defendant will recover costs.

GRANT, C. J., and BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.