CULLEN v. KSIASZKIEWICZ.

1. BOUNDARIES — ESTABLISHMENT — AGREEMENT — EFFECT UPON SUBSEQUENT GRANTEE.

   After complainant and his adjoining owner on the west had agreed upon their boundary and occupied, thereto longer than the period of limitations, defendant, a subsequent grantee of the west 41 feet of complainant's lot, could not move the western boundary to the eastward by a new survey for the purpose of moving the eastern boundary likewise to complainant's detriment, the western adjoiner making no such claim.

2. SAME — ESTABLISHMENT — EQUITY — JURISDICTION — REMEDY AT LAW—EJECTMENT.

   Equity will not entertain a suit for the purpose of determining the boundary between properties where defendant has been in possession and ejectment is open to try the title.

3. SAME—EQUITY—RETENTION OF JURISDICTION.

   Where there is stated some ground for equity jurisdiction, the mere fact that there is involved in the case a controversy as to the line between two properties will not oust the court of jurisdiction.

4. SAME—INJUNCTION—CONTINUING TRESPASS.

   Where a fence erected by complainant along their boundary was torn down by defendant under the claim that complainant was enclosing land which belonged to defendant, equity had jurisdiction of a bill to restrain the continuing trespass, notwithstanding the claim of disputed boundary.

5. SAME—QUIETING TITLE—BILL—RIGHT TO MAINTAIN.

   Where complainant never surrendered possession of a disputed strip of land along the boundary between his property and a parcel granted to defendant, and the only possession defendant ever had was under a license granted him to make use of a well thereon, complainant had sufficient possession to authorize him to build a fence along the line, and to maintain a bill to enjoin defendant from interfering therewith; the rule which denies the right to maintain a bill to quiet title to a complainant who has obtained possession by sharp practice not being applicable.

Appeal from Kent; Wolcott, J. Submitted October 9, 1908. (Docket No. 18.) Decided November 30, 1908.

Bill by John Cullen against Casimir Ksiaszkiewicz and Rozalia Ksiaszkiewicz to enjoin an interference with a line fence. From a decree for complainant, defendants appeal. Affirmed.

*Charles E. Ward,* for complainant.

*Everett D. Comstock,* for defendants.

MONTGOMERY, J. The bill in this case was filed to restrain the defendant from interfering with a line fence between the complainant's property and defendant's, and for a mandatory injunction to compel defendant to replace and rebuild a fence torn down by him between the property of complainant and defendant. From a decree for complainant restraining defendant from interfering with complainant's possession and establishing the line between the two properties of complainant and defendant, the defendant has appealed.

The facts of the case necessary to be stated are that the complainant was for many years the owner of lots 1 and 2, of block 5, of Van Buren & Turner's addition to the city of Grand Rapids; that Mary Blood was the owner of lot 3 adjoining lot 2 on the west. On lot 1 was situated the complainant's dwelling house. There was also a house located upon lot 2. On the 9th of July, 1900, by a written contract, complainant sold to defendant Casimir Ksiaszkiewicz the west 41 feet of lot 2. Defendants went into possession of said 41 feet. On the easterly portion of lot 2 near the line between lot 2 and lot 1 was a well, and it was agreed by complainant that defendants might make use of this well so long as the parties agreed. It would appear that, when defendant went into possession of this property, the easterly line of the 41 feet was understood by both parties to be 41 feet from the fence on the westerly side of lot 2, and that the occupancy of

the remainder of lot 2 up to the line 41 feet from the fence marking the easterly boundary was in complainant, with the exception of the use of the well, which defendants had. Some disagreement arose between the parties, and complainant determined to build a fence to mark the line between the two properties, which he did. Defendant thereupon entered with force and tore down this fence, and interfered to some extent with complainant's use of the well. It is thoroughly established by the testimony that the westerly boundary of lot 2, being the easterly boundary of lot 3, was established by agreement between complainant and the owner of lot 3 many years ago, and that for much more than the period of the statute of limitations the complainant has undisputably occupied up to a fence marking this boundary. The defendant sought to show on the trial that this was not the true boundary, but that the boundary was some five feet easterly of this line so marked. No claim to this five feet is made by Mary Blood, the owner of lot 3. We think the case is very clear upon the facts, and that the defendant is not either legally or equitably entitled to shift the line as marked by the owner of lots 2 and 3 by a new survey after the line has become so fixed by agreement and occupancy.

It is earnestly contended, however, that complainant is mistaken in his remedy, and cases are cited which hold that a court of equity will not entertain a suit for the purpose of determining the boundary between properties. Where the possession has been in the defendant, and ejectment is open to try the title, this is the undoubted rule, and the cases cited by defendant fully sustain that contention. *Wykes* v. *Ringleberg*, 49 Mich. 567; *Kilgannon* v. *Jenkinson*, 51 Mich. 242; *Dolan* v. *Smith*, 147 Mich. 276. But as we have frequently held, where there is stated some ground for equity jurisdiction, the mere fact that there is involved in the case a controversy as to the line between two properties will not oust the court of jurisdiction. *Wilmarth* v. *Woodcock*, 58 Mich.

482, 66 Mich. 331; *Campbell* v. *Kent Circuit Judge*, 111 Mich. 575; *F. H. Wolf Brick Co.* v. *Lonyo* 132 Mich. 162; *Rhoades* v. *McNamara*, 135 Mich. 644.

As already indicated in this case, the possession of this disputed strip was in complainant at the time of the sale to the defendant. It never was surrendered to the defendant. The complainant was within his rights in building the line fence between the properties. The defendant committed a trespass in tearing down the fence. The bill was filed to restrain the defendant from continuing such acts of trespass. The case in this respect is very similar to *F. H. Wolf Brick Co.* v. *Lonyo*, supra, where a bill was filed to restrain the defendant from removing a line fence. The court below in that case did not find that complainant was not in possession, but dismissed the bill on the ground that there was a dispute as to the boundary line which should be tried in a suit at law. It was said:

"That complainant was in possession * * * when defendant commenced to remove the fence is clearly established by the evidence. It, being in possession, could not bring an action of ejectment."

It was further said:

"Complainant was under no obligation to stand by, see the defendant build the fence upon another line, and then bring an action of ejectment. Defendant could not prevent complainant from maintaining this action by the removal of a small portion of the fence. It invoked the aid of the court to restrain this unjustifiable action on the part of the defendant as soon as it learned that he had commenced such removal. It moved seasonably."

So in the present case. The complainant acted promptly, as soon as the attempt was made to remove the fence which he had constructed.

It is insisted, however, that complainant erected this fence forcibly, and it was only permitted to stand for two days when defendant tore it down, and that, therefore, the statute authorizing a person in possession to file a bill to quiet title was not intended to reach such a case, where

a party acquires possession by sharp practice; citing *Stetson* v. *Cook*, 39 Mich. 755, and cases which have followed the holding in that case, including *Rubert* v. *Brayton*, 82 Mich. 632. If the sole possession which complainant had was that acquired during these two days, there might be force in this contention. But it is apparent from this record that complainant never surrendered possession of this five-foot strip, that the only possession which defendant had was that under the license granted him to make use of this well, and in this respect the case is much like *Rhoades* v. *McNamara*, 135 Mich. 644. In that case complainant gave to one Tallman a license to construct a roadway across his land and to draw certain timber belonging to him, and, after this timber was drawn, defendant, contrary to the objection of complainant, drew over said roadway timber belonging to himself, and persisted in so using said roadway, and a bill was filed to obtain an injunction restraining him from such use and for compensation for the damage. The bill was sustained on the ground that he had a right to have this continuing trespass stopped by injunction; citing *Wilmarth* v. *Woodcock*, *Campbell* v. *Kent Circuit Judge*, and *F. H. Wolf Brick Co.* v. *Lonyo*, supra. We think the circuit judge committed no error in holding that the court had jurisdiction of the case.

The decree of the court below is affirmed, with costs.

GRANT, C. J., and BLAIR, OSTRANDER, and MCALVAY, JJ., concurred.