NICHOLLS *v.* BOYNE CITY LUMBER CO.

EQUITY—ADEQUATE REMEDY AT LAW—EJECTMENT.

> Equity has no jurisdiction to eject the claimant of lands in possession under a disputed claim of ownership, although the bill of complaint prays the determination of riparian rights and incidental relief.

Appeal from Charlevoix; Mayne, J. Submitted April 28, 1909. (Docket No. 121.) Decided June 7, 1909.

Bill by John Nicholls and Mary R. Morgan against the Boyne City Lumber Company to determine the boundary and riparian rights of certain real estate. From an order overruling a demurrer to the bill, defendant appeals. Reversed, and bill dismissed.

*Henry A. Jersey* and *George E. Nichols,* for complainants.

*J. M. Harris,* for defendant.

BROOKE, J. In this cause the complainants filed their bill of complaint, averring that they and their grantors by mesne conveyances had in 1879 become the owners of the southwest fractional quarter of section 35, town 33 north, range 6 west, bordering upon the shore of Pine Lake; that they proceeded to plat that portion of it lying along the lake shore and east of the section line between sections 34 and 35, and that portion of said plat adjoining immediately said section line was described as "block J;" that the defendant owns block J, and by reason thereof is entitled to and owns all that accretion added to said water front of said block J since 1882, and immediately northeast of the said northeast boundary of said accretion of complainants, and adjacent thereto very nearly north 117 feet on the present shore line, and do own 309.55 feet of the present shore line measured from the said section line southeast, and that these complainants own, to wit, 168 feet on the present shore line mediate the said 117 feet and 309.55 feet of said defendants; that the defendants in 1903, without the knowledge of the complainants, unlawfully entered upon the premises above described and erected thereon a sawmill and railroad tracks, and a large tank, and placed thereon logs and lumber, and drove piles into the ground beneath the water of said appurtenant water rights, and put booms and logs thereon, and are now continuing said acts.

The relief prayed is:

"(1) That said particular description of land be decreed to belong to complainants, and that they are entitled to said appurtenant water rights.

"(2) That the said boundaries of these complainants' lands and water rights, as described and defined herein, be determined and decreed to be the proper and lawful boundaries thereof.

"(3) That the court fix and determine the extent of said line of navigability, and that the court fix, define, and determine the boundaries and extent of all navigable and wharfage rights and privileges of said complainants appertaining to their said lands so herein described as aforesaid.

"(4) That a mandatory injunction issue commanding and compelling the said Boyne City Lumber Company to remove the said mill and railroad tracks and said tank and all structures, objects, logs, lumber, and forest product which have been, or may be, placed therein by said defendant from said lands, and to remove all said piles, booms, docks, logs, timbers, and like objects which have been, or may be, placed in and upon said appurtenant water."

To this bill defendant interposed a demurrer for the following reasons:

"(1) There is no equity in the said amended bill of complaint. (2) The complainants by their showing in the amended bill have an adequate and complete remedy at law. (3) The allegations contained in said amended bill of complaint fail to disclose that the said complainants, or either of them, have any title, legal or equitable, to the lands therein described. (4) For the reason that the allegations in said amended bill fail to disclose that the complainants, or either of them, are entitled to possession of the property described in the amended bill of complaint."

From an order overruling said demurrer, defendant appeals.

It is apparent from the allegations of the bill that, by reason of the recession of the waters of Pine Lake, certain accretions have become appurtenant to block J, and likewise to the land immediately adjoining and to the west thereof. The complainants invoke equitable jurisdiction upon the ground that the bill is filed to determine the riparian rights of the parties, and to fix the boundary line of navigability, claiming that ejectment of the defendant from the premises in dispute by the mandatory injunction of the court is a mere incident.

We are of opinion that this claim cannot be sustained. The bill of complaint describes by metes and bounds a particular piece of land. It avers ownership thereof in the complainants. It likewise avers that the defendant has taken and is now in possession of the same under a claim of ownership. Under such averments, we think

equity has no jurisdiction, and the rights of the parties should be determined by a suit at law in ejectment. See *Kilgannon* v. *Jenkinson*, 51 Mich. 240 (16 N. W. 390), where this court said:

"A full review of the proceedings makes it entirely clear that the fundamental dispute is about the correct position of the line between lots 3 and 7;" and the conclusion reached by the court "is that the case in the record is not one of which a court of equity is authorized to take cognizance. The grievance implies legal remedies, and there are no elements to divest the jurisdiction at law and entitle equity to deal with the controversy."

To the same effect, see *Wykes* v. *Ringleberg*, 49 Mich. 567 (14 N. W. 498); *Andries* v. *Railway Co.*, 105 Mich. 557 (63 N. W. 526); *Dolan* v. *Smith*, 147 Mich. 276 (110 N. W. 932); *Simmons* v. *Day*, 151 Mich. 1 (114 N. W. 853); *Warren* v. *Warren*, 151 Mich. 96 (114 N. W. 867).

The order overruling the demurrer is set aside and the demurrer sustained.

BLAIR, C. J., and MONTGOMERY, HOOKER, and MC-ALVAY, JJ., concurred.