MISCOTTEN *v.* HELLENTHAL.

QUIETING TITLE — EQUITY JURISDICTION — ADEQUATE REMEDY AT
LAW.

    An adequate remedy at law exists barring a bill to quiet title
    against a defendant who is in possession under a claim of
    title to real property.

Appeal from Allegan; Padgham, J. Submitted June
29, 1910. (Docket No. 68.) Decided July 14, 1910.

Bill by John Miscotten against Walter Hellenthal and
another to quiet title to certain land. From a decree dis-
missing the bill, complainant appeals. Affirmed.

*O. S. Cross* and *Perle L. Fouch,* for complainant.

*Wilkes & Stone,* for defendants.

The bill of complaint in this cause is filed to quiet the
title to a strip of ground, 16½ feet wide and 163 feet long.
The strip lies between lands concededly owned by the
complainant on the south and by defendants on the north.
The true line between the holdings of the parties has
never been established. If it is located as claimed by
complainant, he is the owner of the disputed strip. If as
claimed by defendants, they are the owners thereof. De-
fendants claim, however, that, irrespective of the true lo-
cation of the line, they are entitled to the possession of the
strip by virtue of a written lease thereof, made by com-
plainant's grantor to their grantors in February, 1897, for
the term of 25 years. From a decree dismissing the bill
of complaint, complainant appeals.

BROOKE, J. (*after stating the facts*). While the bill
of complaint in one paragraph avers that complainant is
in possession of the disputed strip, other facts are set out

therein which indicate the contrary, and the evidence shows conclusively that defendants and their grantors have held possession of the strip for many years, and are now in possession thereof. The circuit court found that defendants were in possession under the lease, which was declared to be valid, and of which complainant had notice at the time of his purchase. It is unnecessary to determine whether this holding was correct or not. The decree was one simply dismissing the bill, and we think it was warranted upon the conceded facts in the case.

Defendants being in possession of the property in dispute under a claim of title, equity has no jurisdiction; complainant's remedy is by an action at law. *Stockton* v. *Williams*, 1 Doug. (Mich.) 546; *Wykes* v. *Ringleberg*, 49 Mich. 567 (14 N. W. 498); *Kilgannon* v. *Jenkinson*, 51 Mich. 240 (16 N. W. 390); *Bresler* v. *Pitts*, 58 Mich. 347 (25 N. W. 311); *Andries* v. *Railway Co.*, 105 Mich. 557 (63 N. W. 526); *Dolan* v. *Smith*, 147 Mich. 276 (110 N. W. 932); *Simmons* v. *Day*, 151 Mich. 1 (114 N. W. 853); *Warren* v. *Warren*, 151 Mich. 96 (114 N. W. 867); *Nicholls* v. *Lumber Co.*, 157 Mich. 234 (121 N. W. 742).

The cases of *Wilmarth* v. *Woodcock*, 58 Mich. 482 (25 N. W. 475), *Campbell* v. *Kent Circuit Judge*, 111 Mich. 575 (70 N. W. 141), *Rhoades* v. *McNamara*, 135 Mich. 644 (98 N. W. 392), and *Cullen* v. *Ksiaszkiewicz*, 154 Mich. 627 (118 N. W. 496), relied upon by complainant, have been examined. They are clearly distinguishable, and have no application to a situation such as is disclosed by the facts in the case under consideration.

The decree is affirmed, with costs of this court to defendants.

BIRD, C. J., and OSTRANDER, MOORE, and BLAIR, JJ., concurred.