ARGUS *v.* JOHNS.

1. BOUNDARIES—EQUITY — JURISDICTION NOT OUSTED BY CONTROVERSY OVER BOUNDARY.

> A court of equity having jurisdiction on any well-settled ground will not be ousted of jurisdiction by the fact that the suit also involves a controversy over a disputed boundary.

2. SAME—EQUITY HAS NO JURISDICTION WHERE SOLE QUESTION IN CONTROVERSY IS OVER BOUNDARY.

> Where the sole question in dispute is the location of the true boundary line between parcels of land, the title to which is not involved, equity has no jurisdiction, but the controversy is a legal one to be determined in an action at law.

3. SAME—LINE ACQUIESCED IN BY PARTIES BECOMES TRUE BOUNDARY.

> Although · old established boundary lines are not to be disturbed by the opinions of surveyors, a line ascertained, fixed, and established as the true boundary line by a surveyor, with the consent of the parties, and subsequently acquiesced in by them, must be treated as the true line,

though possession may not have been for the full period required by the statute of limitations.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 12, 1928. (Docket No. 72, Calendar No. 33,724.) Decided July 24, 1928.

Bill by Edward W. Argus and another against Grant Johns and others to restrain the removal of a line fence. From a decree for defendants, plaintiffs appeal. Affirmed.

*George D. O'Brien* and *Alton E. Potere,* for plaintiffs.

*Perry & Lynch,* for defendants.

POTTER, J. Plaintiffs and defendants are adjoining landowners. Plaintiffs filed a bill of complaint in the circuit court of Oakland county, in chancery, to restrain defendants from removing, tearing down, or destroying a fence erected by plaintiffs on what they claim to be the true boundary line between their lands and those of defendants. Defendants answered claiming plaintiffs had wrongfully undertaken to erect a line fence not on the true boundary line between the premises. There was decree for defendants, and plaintiffs appeal.

Plaintiffs claimed the boundary line had been established for 50 years. Defendants alleged and proved that in 1906 and again in 1912 the then owners of the premises joined in having a survey made and a boundary line located, which was subsequently acquiesced in, and a line fence located in accordance therewith.

A court of equity having jurisdiction on any well-settled ground, the fact a suit also involves a controversy over a disputed boundary will not oust the court of jurisdiction. *Stewart* v. *Carleton,* 31 Mich. 270; *Wilmarth* v. *Woodcock,* 58 Mich. 482; *Campbell* v.

*Kent Circuit Judge,* 111 Mich. 575; *Vier* v. *City of Detroit,* 111 Mich. 646; *F. H. Wolf Brick Co.* v. *Lonyo,* 132 Mich. 162 (102 Am. St. Rep. 412).    But where, as here, the sole question in dispute is the location of the true boundary line between parcels of land, the title to which is not  involved, equity has no jurisdiction.    The controversy is a legal one to be determined in an action at law.    *Wykes* v. *Ringleberg,* 49 Mich. 567; *Kilgannon* v. *Jenkinson,* 51 Mich. 240; *Bresler* v. *Pitts,* 58 Mich. 347; *Andries* v. *Railway Co.,* 105 Mich. 557; *Dolan* v. *Smith,* 147 Mich. 276; *Weissert* v. *Fuller,* 188 Mich. 327.

Though old established boundary lines are not to be disturbed by the opinions of surveyors (*Stewart* v. *Carleton, supra*), a line ascertained, fixed, and established as the true boundary line, by a surveyor, with the consent of the parties, and subsequently acquiesced in by them, must be treated as the true line (*Smith* v. *Hamilton,* 20 Mich. 433 [4 Am. Rep. 398]; *Joyce* v. *Williams,* 26 Mich. 332; *Stewart* v. *Carleton, supra; Dupont* v. *Starring,* 42 Mich. 492; *Burns* v. *Martin,* 45 Mich. 22; *Bird* v. *Stark,* 66 Mich. 654; *Jones* v. *Pashby,* 67 Mich. 459 [11 Am. St. Rep. 589]; *De Long* v. *Baldwin,* 111 Mich. 466; *Husted* v. *Willoughby,* 117 Mich. 56; *Brown* v. *Bowerman,* 134 Mich. 695; *Coleman* v. *Robens,* 146 Mich. 333) though the possession may not have been for the full period of the statute of limitations.    *Smith* v. *Hamilton, supra; Jones* v. *Pashby, supra; Pittsburgh, etc., Iron Co.* v. *Lake Superior Iron Co.,* 118 Mich. 109; *Olin* v. *Henderson,* 120 Mich. 149; *Sheldon* v. *Railroad Co.,* 161 Mich. 503; *Parsons* v. *Bills,* 163 Mich. 415; *Lake Shore, etc., R. Co.* v. *Sterling,* 189 Mich. 366; *Hanlon* v. *Ten Hove,* 235 Mich. 227 (46 A. L. R. 788).

The decree of the trial court is affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.