### BEAVER *v.* ZWONACK.

1. INJUNCTION—EJECTMENT—EQUITY—JURISDICTION.

  Parties who are in possession of strip of land to which they have established right may not bring ejectment, because they are in possession, but they may maintain suit to enjoin continuing trespass by adjoining owners, who also claim title, and to restrain them from tearing down line fence.

---

On right to injunction to compel or prevent the erection, maintenance, or removal of fences, see annotation in 7 L. R. A. (N. S.) 49.

2. SAME—ACTS OF TRESPASS MAY BE ENJOINED.
   Statutes of repose may be invoked in equity in behalf of title
   and possession thereunder, and the court may, in protection
   thereof, enjoin acts of trespass.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 7, 1930. (Docket No. 1, Calendar No. 34,554.) Decided March 7, 1930.

Bill by John Beaver and another against John Zwonack and another to enjoin the removal of a line fence and from interfering with plaintiffs' possession of disputed property. From a decree dismissing the bill, plaintiffs appeal. Reversed.

.Oliver M. Green, for plaintiffs.

WIEST, C. J. This suit was brought to enjoin defendants from tearing down or removing a fence separating the property of the parties, and from interfering with plaintiffs' possession. The parties own adjoining lots in Kent's addition to the city of Pontiac. In occupying lots and placing division fences, the lot owners, years ago, departed from the plat lines, and the fence in question stands 12 feet over the plat line upon defendants' lot, and defendants' opposite fence stands 12 feet over the plat line upon the next lot. Plaintiffs claim, and the proofs show, that such placing of division line fences has obtained for upward of 20 years, and dwellings have been erected and use of the lots had in accord with the fence lines. The circuit judge held that plaintiffs' remedy, if any, is in ejectment, cited *Argus* v. *Johns*, 243 Mich. 595, and dismissed the bill. Plaintiffs appealed.

Plaintiffs cannot bring ejectment, for they are in possession. Plaintiffs established right to posses-

sion of the disputed strip, and the court of equity had jurisdiction to enjoin a continuing trespass by defendants.

Statutes of repose may be invoked in equity in behalf of title and possession thereunder, and the court may, in protection thereof, enjoin acts of trespass.

The issues in the case at bar and the question of jurisdiction are ruled by *F. H. Wolf Brick Co.* v. *Lonyo,* 132 Mich. 162 (102 Am. St. Rep. 412). The bill in that case was filed to enjoin the removal of a line fence, and the bill was dismissed upon the sole ground that the jurisdiction of a court of equity had not been properly invoked. There, plaintiff and defendant owned adjoining lands. The bill alleged that the line fence between them had been established for more than 20 years, and had been recognized by the parties as the true line. Defendant attempted to tear down this fence, and did tear down some with the intention of erecting a new line fence six feet easterly of the old fence. The relief sought was a perpetual injunction prohibiting the removal of the fence. The defendant admitted the tearing down of a part of the fence with intention to erect a fence upon what he claimed to be the true line. This court stated:

"That complainant was in possession on the 17th day of July, when defendant commenced to remove the fence, is clearly established by the evidence. It, being in possession, could not bring an action of ejectment; the defendant could. It was his clear duty to do so, rather than to attempt by force to remove this old fence to the line which he claimed. *Wilmarth* v. *Woodcock,* 66 Mich. 331, 336. Complainant was under no obligation to stand by, see the defendant build the fence upon another line, and then bring an action of ejectment. Defendant could not prevent complainant from maintaining this action

by the removal of a small portion of the fence. It invoked the aid of the court to restrain this unjustifiable action on the part of the defendant as soon as it learned that he had commenced such removal. It moved seasonably. The right to maintain this action is clearly sustained by the following decisions of this court: *Stewart* v. *Carleton,* 31 Mich. 270; *Wilmarth* v. *Woodcock,* 58 Mich. 482; *Vier* v. *City of Detroit,* 111 Mich. 646; *Campbell* v. *Kent Circuit Judge,* 111 Mich. 575.''

See, also, *Cullen* v. *Ksiaszkiewicz,* 154 Mich. 627.

The decree in the circuit is reversed, and a decree will be entered in this court perpetually enjoining defendants from removing the fence. Plaintiffs will recover costs.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.