67 459
103 605

67 459
106 148

67 459
117 58

67 459
118 129

67 459
154 532

JOHN H. JONES ET AL. v. ROBINSON PASHBY ET AL.

[See 48 Mich. 634; 62 Id. 614.]

*Boundary line—Acquiescence—Estoppel—Statute of frauds.*

1. Where parties by *mutual* agreement, and for that *express* purpose, meet and fix a boundary line, and thereafter acquiesce in the line so established between them, such line will be considered the true *division* line, notwithstanding the period of such acquiescence falls short of the time fixed by the statute of limitations for gaining title by *adverse possession.*[1] *Smith v. Hamilton*, 20 Mich. 433; *Joyce v. Williams*, 26 Id. 332; *Stewart v. Carleton*, 31 Id. 270; *Dupont v. Starring*, 42 Id. 492.

2. Where, owing to the ambiguity of the description in deeds executed by tenants in common of land on partition, it is necessary to settle the *meaning* of said deeds as to the *location* of the division line in court, the owners are authorized to meet and agree *where* the boundary line should be; and a parol agreement, under *such* circumstances, will operate as an estoppel, if acquiesced in for years, the enforcement of which will not be prevented by the statute of frauds.

Error to St. Joseph. (Pealer, J.) Argued October 27, 1887. Decided November 3, 1887.

Ejectment. Plaintiffs bring error. Affirmed, and case remanded for further proceeding under the statute, if desired. The facts are stated in the opinion, and more fully in 62 Mich. 614.

*H. H. Riley* and *J. B. Shipman,* for appellants.

*D. C. Page* (*Keightley & Knowlen,* of counsel), for defendants.

MORSE, J. This is the third time this case has appeared in this Court. See *Jones v. Pashby,* 48 Mich. 634, and 62 Id. 614.

---

[1] See *Bird v. Stark*, 66 Mich. 654.

A sufficient statement of the matters in controversy will be found in the opinions filed heretofore.

When the case was last here we held that the language of the deeds exchanged between Charles and James Richardson intended a division of the 100 acres by quantity, each taking 50 acres. But we further said:

"There was evidence introduced upon both sides, upon the trial of the case in the court below, tending to show an actual location of the boundary line between James and Charles Richardson, and also between Charles and the grantees of James. This testimony should have been submitted to the jury, and if they found therefrom that the line agreed upon was located west of the premises described in the declaration, the defendants should have judgment. If any other line had been agreed upon between the owners as the boundary line, it would govern the case.

"But if no agreement *or practical construction* had been put upon the deed, in applying it to the subject-matter, by the owners, then the division line which would divide the whole tract so as to give each one-half in quantity is the line which must control the rights of the parties to this case."

The case went back to the circuit under this ruling of ours, and upon a trial there had the testimony showing this agreement was admitted, and the jury found the boundary line to have been fixed by agreement as claimed by the defendants. Judgment passed in their favor.

The plaintiffs bring error, and claim that there was no legal evidence tending to show an agreement, and, even if there was any such testimony, it cannot avail defendants, because only about eight years had elapsed between the making of such agreement and the commencement of this suit.

It appears almost conclusively from the record that the agreement was made to fix the boundary line, and that it was acquiesced in and treated as such boundary during the life of James, and while he and Charles owned the respective portions of the 100 acres and afterwards.

The defendants' grantor built a hotel upon the premises now in dispute, and made other improvements upon it.

The defendants and their grantors have held and occupied the ground in dispute ever since the division of the 100 acres. At any rate, the jury were warranted in finding as they did.

The declarations of Charles Richardson were admissible against the title of his grantees, the plaintiffs.

The court instructed the jury that the burden of proving the boundary line to have been established between Charles and James Richardson, and located as they claimed, devolved upon the defendants, and that they must do this by a fair preponderance of evidence before they could recover; also, that, before they could find a different line than the one established by the deeds, as interpreted by the Supreme Court, they must find from the evidence that they were agreed as to such other line as between them, and applied the deeds to such line, and assumed and acted upon the assumption that the other line (as claimed by defendants) was the boundary line, and treated it as such; and that the center line was the only one claimed by them, and was the one recognized and treated as the boundary line.

"The landmarks which were agreed upon at the time, and recognized since, as fixing the dividing line by the brothers in making the division, must govern, regardless of where the words of the deeds would draw the line. If you find that the defendants have shown by a fair preponderance of evidence that there was such a line fixed and recognized as the dividing line, it must govern."

This instruction was good law, and fairly stated.

It is not necessary to here decide how long such an agreement would have to be acted upon and acquiesced in to bind the parties. It is sufficient to say that, under the charge of the court as given, the jury must have found an acquiescence by all the parties in this boundary line up to the purchase of Charles Richardson's title by the plaintiffs, and such time was long enough to settle such boundary line beyond controversy.

It has been frequently held in this State that where

parties by mutual agreement, and for that express purpose, meet and fix a boundary line, and thereafter acquiesce in the line so established·between them, such line will be considered the true line between them, notwithstanding the period of such acquiescence falls short of the time fixed by the statute of limitations for gaining title by adverse possession. *Smith v. Hamilton*, 20 Mich. 433 ; *Joyce v. Williams*, 26 Id. 332; *Stewart v. Carleton*, 31 Id. 270 ; *Dupont v. Starring*, 42 Id. 492.

In this case the deeds were so ambiguous as to require their meaning to be settled in this Court as to where the division line would run between the parcels conveyed and divided thereby. It was therefore a case where Charles and James might well be in doubt as to where the line was located by such deeds, and therefore, in order to settle such doubt, they were authorized to meet and agree where a boundary line should be under said deeds. And a parol agreement under such circumstances would act as an estoppel, if acquiesced in for years, and the statute of frauds would not intervene to prevent the enforcement of such estoppel. *Cronin v. Gore*, 38 Mich. 384.

And, in my opinion, it would not take the number of years shown in this case, where, as here, the parties contesting such agreement purchased with full knowledge of the occupancy and possession up to such line.

We find no error in the proceedings, and the judgment will be affirmed, with costs.

The record in this case will be remanded to the court below for further proceedings under the statute, if desired.

Sherwood and Champlin, JJ., concurred.

Campbell, C. J., did not sit.