--------o--------

## THE CITY OF DETROIT v. EMILY S. CHAFFEE.

*Proceedings for widening street—Condemnation—Award of damages.*

The award to defendant of the *full* value of the land taken for street-opening purposes is affirmed. See *City of Detroit v. Daly, ante,* 503.

Appeal from recorder's court of Detroit. (Swift, J.) Argued January 20, 1888. Decided March 2, 1888.

Appeal from award in street-opening case. Award affirmed. The facts are stated in the opinion.

*John W. McGrath,* city counselor, and *William S. Sheeran,* city attorney, for appellant.

*Hoyt Post* and *Otto Kirchner,* for defendant.

Morse, J.    In the proceedings in this case the jury awarded to one Emily S. Chaffee the full value of a strip of land of which she held the record title.    All the land that she owned was taken, and therefore, under the Detroit street-opening act, the jury were instructed by the recorder that she must be awarded the full value of it, without any offset because of benefits.    The jury awarded her $15,000 for one piece taken, and $3,000 for the other, one-half of which sum, under the law, is to be assessed against the city, and the other half against the property benefited.

The city of Detroit appeals from this award, and claims that the title to this land was placed in Mrs. Chaffee's name for the express purpose of committing a fraud upon the city in the proceedings.

The claim of the city is that when the proceedings were commenced, in June, 1885, the trustees of the homeopathic hospital held the title and owned the property between John R. street and the west line of the Brush farm, which included the land for which Mrs. Chaffee received this award of $3,000.

The record showed that this land was conveyed by Amos Chaffee and the said Emily S. Chaffee, his wife, to certain persons as trustees, and in trust for the Detroit Homeopathic Hospital Association, the land reverting, if the trust was not performed, to said grantors.    The deed was executed July 12, 1879.

March 7, 1887, the persons named as trustees in said deed conveyed to Emily S. Chaffee, by quitclaim deed, the northerly 50 feet of this land, said 50 feet being the strip designed to be taken by the opening or widening of Willis avenue, and on the same day the same parties also deeded the balance of the land to Amos Chaffee.

The city offered to show that on the twelfth of March, 1887, Amos Chaffee and his wife, Emily S. Chaffee, executed and delivered to the persons executing such deeds, as such trus-

tees aforesaid, a contract in writing, by which contract they agreed that, as soon as Willis avenue was widened, they would execute and deliver to such persons as trustees for said homeopathic hospital association a good and sufficient deed of all the premises excepting the fifty feet standing in the name of Emily S. Chaffee.

By the same contract Amos Chaffee agreed to pay any sum charged upon said land as benefits, provided Emily S. Chaffee was permitted to receive the damages which might be awarded for the taking of the 50 feet aforesaid.

The city claimed that these conveyances from the association to Mr. and Mrs. Chaffee were made in fraud of its rights, and in collusion between the trustees and the Chaffees for the purpose of enabling the trustees to avoid assessment, and Emily S. Chaffee "to pocket" the damages for the 50-foot strip.

The judge of the recorder's court refused to admit the contract in evidence, and instructed the jury to award to Mrs. Chaffee the full value of the strip taken as damages.

We fail to see any substantial damage to the city by this ruling. Mrs. Chaffee has only received the value of the land taken, which she or someone else was entitled to. The benefits to the adjoining land, standing in the name of Amos Chaffee, have been assessed against the same, presumably in the proportion it ought to bear of one-half of the expense of opening the street, or the damages awarded by such opening. It ought not to have borne any more than this, if the whole parcel, including the 50 feet, had remained in the name of the hospital association trustees.

What the city contends for, however, is that if the property had all stood together, as in the beginning, in the name of one person or corporation, the jury might, under the practice and the ruling of the recorder's court in like cases, have found the value of the 50-foot strip, and then deducted the benefit to the balance of the property from such value, and,

after having done this, also assess the same for the benefits. Under such a course of procedure they might have found, perhaps, as in other cases reviewed by us at the present term of this Court, that the net compensation or damage for taking this strip was nothing, and yet assessed benefits against the balance of the land. This we have decided cannot be done, in several cases. *City of Detroit v. Daly, ante,* 503 (37 N. W. Rep. 11); *City of Detroit v. Sauer,* 69 Mich. —— (37 N. W. Rep. 18); *City of Detroit v. Ledyard,* Id. —— (37 N. W. Rep. 19); *City of Detroit v. Heintz,* Id. —— (37 N. W. Rep. 19); *City of Detroit v. Beecher,* Id. —— (37 N. W. Rep. 17).

It therefore follows that no error was committed in the rulings of the judge of the recorder's court for the city of Detroit. If the street is opened or widened, and the land taken, the award of damages must stand and be paid to Emily S. Chaffee. In any event she will recover the costs of this Court.

CHAMPLIN, CAMPBELL, and LONG, JJ., concurred.

SHERWOOD, C. J. I concur in the result.