THE CITY OF DETROIT v. LUTHER BEECHER.

*Street-opening case—Condemnation proceedings—Damages.*

This case involves some of the same principles discussed in *City of Detroit v. Daly,* 68 Mich. 503, and the jury is found not to have rendered a fair verdict, nor to have found the necessary elements for correcting it, and the proceedings are quashed.

Appeal from recorder's court of Detroit.   (Swift, J.) Argued January 27, 1888.   Decided March 2, 1888.

Appeal from award of damages in street-opening case. Proceedings quashed.   The facts are stated in the opinion.

*Ervin Palmer,* for appellant.

*John W. McGrath,* city counselor, for petitioner.

CAMPBELL, J.   This case involves some of the same prin-

ciples discussed in *City of Detroit v. Daly*, 68 Mich. 503, and that discussion need not be repeated.

The court charged the jury as in that case that, in estimating the damages, instead of finding the value of the land and the advantages to Mr. Beecher, the owner of the land, separately, they should estimate the net result, and only charge that on the assessment district. It appears that this was done, and that Mr. Beecher has been wronged by it. The land taken was all his land, and the testimony shows beyond dispute that the only necessity for taking it was to enable the lots not on his land, abutting on the alley, to get ingress and egress from the rear of their lots. The alley already existing was 10 feet wide, ending at one end on the Michigan Central Railroad, which practically closed it up and made it no better than a narrow *cul de sac*, and at the other end opening into a wide alley leading to Michigan avenue. By widening it to 20 feet the alley was made practicable for all purposes of convenience to those lots, but not a thoroughfare. Mr. Beecher owned a large tract not platted, from one side of which this strip was taken, and which had ample access from all quarters with no occasion for a wider alley. From the testimony it appears that the jury must have assessed his damages on the basis that he was more largely benefited than others by widening the alley. It appears, and was not contradicted, that Mr. Beecher would be damaged about $180 by the removal of his fence, and there is no basis of damages which would not make the value of the land taken several hundred dollars. The witnesses generally testify that the other abutting lots benefited would average five dollars a lot, and that Mr. Beecher's property, if laid out into lots, would receive no greater proportionate benefit. The benefit found by the jury against the abutting lots aggregated $105, distributed at $3 a lot. Mr. Beecher, if benefited at all, could not have got more than $105 on this basis, to be deducted from the value of the land and the

$180 other damages. This indicates not only that he has been compelled to furnish an excess of a considerable sum, but also that the value to the abutters on both sides was less than the cost of the improvement, which could not on any such basis be found necessary.

We think that if the jury had done justly by Mr. Beecher they might very probably have found the benefits to those really aided large enough to justify the work. But they have not rendered a fair verdict, and they have not found the necessary elements for correcting it.

The proceedings must be quashed. It may be that there are reasons why this alley should be widened, but, if so, proceedings can be begun under more careful and equitable methods. Appellant will recover costs.

The other Justices concurred.