## THE CITY OF DETROIT v. CAROLINE SAUER.

*Street-opening case—Damages.*

This case is ruled by *City of Detroit v. Daly*, 68 Mich. 503.

Appeal from recorder's court of Detroit.　(Swift, J.) Argued February 14, 1888.　Decided March 2, 1888.

Appeal from award of damages in street-opening case. Proceedings quashed. The facts are stated in the opinion.

*Harry F. Chipman*, for appellant.

*John W. McGrath*, city counselor, and *William S. Sheeran*, city attorney, for petitioner.

MORSE, J. The appellant, Caroline Sauer, is the owner of a piece of land 543 feet from east to west by 180.50 feet from north to south. The east end of this land lies on the Detroit, Grand Haven & Milwaukee Railway. She lived with

her husband on the land, and used it in gardening as a means of livelihood.

A petition was filed under the Detroit street-opening act in the usual way to open Orleans street in said city, and after the customary proceedings in such cases the matter was tried by a jury in the recorder's court of the city of Detroit. The jury found in favor of the petition, and the necessity for the opening of the street. They found the net compensation and damage for the land taken from Mrs. Sauer to be nothing, and assessed the balance of her land not taken $250 for benefits growing out of the opening of the street.

The net compensation or damage for the land taken was ascertained under the following instruction:

" Where the whole of a lot is taken, he is entitled to the full value of the land with the buildings and improvements on it. Where part of a lot is taken, then you will allow him * * * the full value of what is taken. You say the whole of the property, if taken, is worth a certain sum, and after the street is opened what will be left is worth a certain other sum, and the difference between these two valuations will give you the net amount of damages."

The jury in their finding, as in *City of Detroit v. Daly,* 68 Mich. 503, did not show what they allowed for the value of the land, and how much was deducted.

It is unnecessary to examine the multitude of objections to the proceedings, raised by this appeal, as under the ruling of this Court in *City of Detroit v. Daly, supra,* the proceedings must be quashed, with costs to appellant.

SHERWOOD, C. J., CAMPBELL and LONG, JJ., concurred. CHAMPLIN, J., did not sit.