THE CITY OF DETROIT v. HULDAH MORE.

*Street-opening case—Findings of jury—Benefits.*

The failure of the jury in a street-opening case, under Act No. 354, Local Acts of 1885, to find the *value* of the land taken, and of the *benefits* accruing to the owner, if any, is error, for which the proceedings will be quashed.

*Certiorari.* Submitted April 11, 1889. Proceedings quashed October 18, 1889.

*Certiorari* to the recorder's court of Detroit to review proceedings had in opening and extending Superior street from Russell street to Mt. Elliott avenue, where not already open.

The facts, and points of counsel passed upon by the Court, are stated in the opinion.

*Thomas Hislop,* for respondent, and plaintiff in *certiorari.*

*William S. Sheeran,* city attorney, and *John W. McGrath,* city counselor, for petitioner, and defendant in *certiorari.*

SHERWOOD, C. J.   In this case the proceedings had were for the opening and extending of Superior street, in the city of Detroit, under Act No. 354, Local Acts of 1885.

The matter was heard in the recorder's court before a jury.

The usual proceedings in such cases were had, and the jury found in favor of the petition for the necessity of extending and opening the street, which required the taking of Mrs. More's lot, described as follows:

"All that part of out-lot sixty-eight (68) of the subdivision of the Riopelle farm, north of Gratiot street, described as follows:   Commencing at the north-westerly corner of said out-lot sixty-eight (68); thence north, sixty-four (64) degrees east, one hundred and forty-nine and sixty-four hundredths (149.64) feet;   thence south, twenty-six (26) degrees east, fifteen and twelve hundredths (15.12) feet;   thence south, sixty-four (64) degrees west, one hundred and forty-nine and sixty-four hundredths (149.64) feet; thence north, twenty-six (26) degrees west, fifteen and twelve hundredths (15.12) to the place of beginning."

Among the errors relied upon and properly presented in the record, is the following:

"The jury, in their finding under the instructions of the judge of the recorder's court of the city of Detroit.   *   *   *   did not show what they allowed for the value of the land, and how much was deducted for benefits."

From an inspection of the record, it is manifest that the court and jury failed to comply with the requirements of the law in this respect.   They found her entitled to compensation

for her damage after including benefits to the amount of one dollar.

They did not find what, in their judgment, the land taken was worth, nor does the record show anywhere the amount at which the jury fixed her benefits, if she was charged with any. This is important in all these cases, and its omission is error, for which the judgment must be set aside, and the proceedings quashed, with costs to Mrs. More. See *Detroit v. Daly*, 68 Mich. 503 (37 N. W. Rep. 11); *Detroit v. Chaffee*, Id. 635 (37 N. W. Rep. 882); *Detroit v. Sauer*, 69 Id. 164 (37 N. W. Rep. 18); *Detroit v. Beecher*, Id. 15 (37 N. W. Rep. 17).

The other Justices concurred.