HUSTED *v.* WILLOUGHBY.

1. DECLARATION—LAND DESCRIPTIONS.

Where one section only in a certain township contains land in a given subdivision lying north of a certain county drain, a declaration which describes the land as being all that part of said subdivision lying north of such drain is sufficiently definite without specifying the section.

2. SAME—BOUNDARIES—ACQUIESCENCE.

A declaration which lays a trespass with reference to an eighth section line as established by agreement and acquiescence on the part of the adjoining proprietors is not open to objection because such line is not coincident with that run by the government surveyor.

Error to Eaton; Smith, J.   Submitted April 6, 1898.
Decided May 17, 1898.

Trespass *quare clausum fregit* by Henry Husted
against Samuel Willoughby.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*Powers & Stine*, for appellant.

*Fred J. Slayton* and *Huggett & Smith*, for appellee.

MOORE, J.  This is an action of trespass brought in
justice's court for the removal of what was claimed to be
the line fence between the lands of the parties.   The defendant pleaded the general issue, and gave notice of title.
The case was certified to the circuit court by the magistrate,
where a trial resulted in a verdict in favor of plaintiff for
$13.30.   The material part of the declaration is as follows:

"For that the defendant on, to wit, the 20th day of
April, A. D. 1895, with force and arms, the close of the
said plaintiff, situate in the township of Hamlin, in said
county, and known and described as being all that part of
S. W. $\frac{1}{4}$ of the N. W. fractional $\frac{1}{4}$ lying north of county
drain known as 'Sidewell and Relaid Mills Drain,' broke
and entered."

It was admitted that defendant was the owner of land
in the same township, but it is now said that the declaration is not specific enough to entitle plaintiff to recover,
as it omits all reference to any section.   The land owned
by the parties to the litigation was on section 6.   If the
declaration had made no reference to the county drain
known as "Sidewell and Relaid Mills Drain," it is probable the objection would have been well taken.   The record
discloses, and the jury found as a matter of fact, that
there are no other lands on the southwest quarter of the
northwest fractional quarter in the township of Hamlin
lying north of this county drain except on section 6.   A
drain of the permanence and character of this county
drain is a known boundary or monument ( *Kinnie* v.

*Bare*, 68 Mich. 635 ), and we think the description in the declaration was specific and sufficient.

The jury found that the grantors to the parties to this suit in good faith employed a surveyor to determine the boundary line between the lands now owned by the plaintiff and defendant, and that the line thus established was regarded by the grantors and by the subsequent purchasers and owners as the boundary line until the purchase by Mr. Willoughby, and that it was acquiesced in for more than 15 years before the alleged trespass, and that the wire fence which was destroyed was built on the line established by the survey for the parties who procured the survey to be made. The jury found on the part of the defendant that the wire fence was from one to three rods north of the eighth line according to the government survey, and it is insisted by the defendant that the alleged trespass did not occur upon the land described in plaintiff's declaration, but occurred north of that line, and that plaintiff cannot recover. In *Diehl* v. *Zanger*, 39 Mich. 606, it was said: "The long, practical acquiescence of the parties concerned in supposed boundary lines should be regarded as such an agreement upon them as to be conclusive, even if originally located erroneously." See *Smith* v. *Hamilton*, 20 Mich. 433 (4 Am. Rep. 398); *Joyce* v. *Williams*, 26 Mich. 332; *Stewart* v. *Carleton*, 31 Mich. 270; *Dupont* v. *Starring*, 42 Mich. 492; *Burns* v. *Martin*, 45 Mich. 22; *Jones* v. *Pashby*, 67 Mich. 459 (11 Am. St. Rep. 589). If, then, the agreement as to what should be regarded as the true line between these two descriptions, which was made when the surveyor was employed, is conclusive, it would logically follow that the line so established was the south line of the northwest quarter of the northwest quarter, and the north line of the southwest quarter of the northwest quarter.

We think it unnecessary to discuss the other assignments of error. Judgment is affirmed.

The other Justices concurred.