## GRINNELL *v.* MAYES.

PLEADING—NOTICE OF DEFENSE—LIMITATION OF ACTIONS.

In an action of trespass for cutting a tree on plaintiff's land, described as the E. ½ of the N. W. ¼ of section 32, in a certain township and county, defendant could show under his plea and notice alleging that the tree was on the E. ½ of the S. W. ¼ of said township, etc., that the tree stood upon a strip of land which was by the original survey part of plaintiff's eighty, but to which defendant claimed title by adverse possession, and which, by the construction of a line fence more than 15 years previously, was included within defendant's boundaries.

Error to Montcalm; Davis, J. Submitted January 4, 1911. (Docket No. 15.) Decided November 3, 1911.

Trespass *quare clausum fregit* by Adelbert J. Grinnell against John Mayes. Judgment for plaintiff. Defendant brings error. Reversed.

*F. A. Miller* and *George E. Nichols*, for appellant.
*N. O. Griswold*, for appellee.

BIRD, J. This is an action of trespass, which originated in justice's court, to recover damages for the unlawful cutting and carrying away of an oak tree from the premises of the plaintiff, which premises were described as the E. ½ of the N. W. ¼ of section 32, Town 10 North, of Range 5 West, in Montcalm county. The defendant pleaded the general issue, and gave notice thereunder that he would prove that the tree was taken from his own premises, which were described as the E. ½ of the S. W. ¼ of section 32. Upon filing this plea and notice, together with the statutory bond, the cause was thereupon certified to the circuit court by the justice as one involving the title to land.

At the trial in the circuit court it developed that the line fence between these two 80's was not built originally upon the line of the government survey, but was built several rods north of it, leaving a strip of land a few rods in width lying between the line fence and the quarter line. The tree stood upon this strip. It was conceded by the defendant that the tree stood upon this strip, but he attempted to defend his action by establishing his title to the strip by adverse possession. The plaintiff objected to the evidence, and insisted that defendant could not show title to any part of the E.½ of the N. W. ¼ by adverse possession under his plea and notice. The court sustained the objection. The defendant then asked permission to amend his notice, so that it would include that defense, but his motion was denied. The defendant complains of these rulings, and assigns error on them in this court.

The question raised by the first objection is as to whether the disputed strip is properly described in defendant's plea and notice as the E. ½ of the S. W. ¼ of section 32. If the disputed territory was included within that description, it would follow that the defendant had the right to show that the tree stood on the strip, that the strip was a part of his close, and by what means he acquired that particular part of the close. A like question was raised and decided in *Husted* v. *Willoughby*, 117 Mich.

56 (75 N. W. 279). That case was an action of trespass between adjoining landowners, and a narrow strip of land was in dispute as in this case. One of the contentions of defendant was that the alleged trespass did not occur upon the lands described in plaintiff's declaration. This court, in holding the declaration sufficient, said:

"If, then, the agreement as to what should be regarded as the true line between these two descriptions, which was made when the surveyor was employed, is conclusive, it would logically follow that the line so established was the south line of the N. W. ¼ of N. W. ¼, and the north line of S. W. ¼ of N. W. ¼."

We are of the opinion, under this holding, that the description in defendant's plea and notice was sufficient to admit the proof which he offered. In view of this conclusion, it will be unnecessary to consider the question of an amendment as it becomes immaterial.

The judgment of the trial court is reversed, and a new trial ordered.

BROOKE and STONE, JJ., concurred. OSTRANDER, C. J., and BLAIR, J., concurred in the result.