KILLMASTER *v.* ZEIDLER.

1. ADVERSE POSSESSION—TACKING POSSESSION.

Successive disseizins cannot be tacked so as to constitute one and a single continuous possession unless there is privity of estate between the successive parties in possession, each coming in as the transferee of the possessory rights of his predecessor.

2. SAME—CONVEYANCES—RIGHT TO GRANTOR'S POSSESSION NOT CONVEYED.

Where the grantee relies upon his deed to show privity of estate, he cannot have the benefit of the grantor's possession of lands which are not conveyed by the deed.

3. SAME—TITLE OF GRANTEE—DESCRIPTION.

Distinct and positive assertion of actual occupancy, hostile to rights of holder of record title of portion of platted lot for prescriptive period by grantor *held,* sufficient to perfect fee simple title of grantee in deed including, but not specifically describing, disputed tract.

4. NAVIGABLE WATERS—RIPARIAN RIGHTS—ACCRETION—GREAT LAKES.
   Accretion or alluvium of land bordering Great Lakes belongs to
   the owner of the land.

Appeal from Alcona; Sprague (Victor D.), J. Submitted April 13, 1934. (Docket No. 8, Calendar No. 37,353.) Decided December 10, 1934.

Bill by Edwin S. Killmaster against Reinhold A. Zeidler and others to set aside deeds and to quiet title. Cross-bill by defendant Reinhold A. Zeidler against plaintiff. Decree for defendant Reinhold A. Zeidler. Plaintiff appeals. Affirmed.

*H. K. Gustin,* for plaintiff.

*T. George Sternberg,* for defendants.

BUSHNELL, J. Plaintiff filed a bill to set aside certain deeds and quiet title to the north ½ of lot 11 of block 6 of Burton's Addition to the village of Greenbush in Alcona county, and its accreted land. Defendants denied both the ownership and possession of plaintiff and that he was entitled to any relief. The cross-bill prayed that defendant Reinhold A. Zeidler be decreed to be the sole owner of the premises and of all lands lying east of lot 11 running to the shore of Lake Huron; also that plaintiff's recorded quitclaim deeds be expunged from the records of Alcona county, and be declared null and void. The appeal is from a decree in favor of defendant Reinhold A. Zeidler.

The 91 assignments of error have been considered, but the controlling question is that of adverse possession.

On May 11, 1871, James Burton, the owner of government lot No. 3, section 2, township 25 north

of range 9 east, Michigan, lying on the western shore of Lake Huron, agreed by written contract containing a metes and bounds description, to sell a part of lot No. 3 to William Conklin, "as soon as proper survey is made," etc. A part of government lot 3 was surveyed and platted in 1872 as Burton's Addition to the village of Greenbush, and a conveyance of lot 11 of Burton's Addition was made on September 23, 1872, to Conklin, who was then in the employ of Morris & McDougall, a lumbering firm operating at Greenbush, their saw mill being located immediately south of lot 11. The mill had a railroad running back about three miles with spur tracks north on lot 11 and along the east side of lot 11, and all of lot 11 was used as a banking ground for logs. The mill refuse, together with natural accretions, gradually built up the low shore line from 75 to 150 feet in width along the east side of the property. Conklin was superintendent of the mill until his death in 1877, and during the years 1873, 1874, 1875 and 1877, when he was the township supervisor, he assessed all of lot 11 to the mill owners, although he only conveyed the south ½ of lot 11 in 1872. Block 5 lying immediately on the north of block 6, was separated from lot 11, block 6, by a fence at various times since 1880 and there was a fence on the west and south boundaries of the mill property, the lake being on the east. The testimony shows a continuous exercise of all the elements of adverse possession by the various operators and owners of the mill property from 1872 to 1904.

Morris & McDougall continued to operate the mill after the death of Conklin until 1884, when they conveyed property, including lot 10 and the south ½ of lot 11 (but not the north ½) to Joseph Van Buskirk, who ran the mill until 1887, when he conveyed the same property to Fair & DeKlyne. On

October 12, 1888, they reconveyed by the same description to Van Buskirk, recorded title to the north ½ of lot 11 still remaining in Conklin. Van Buskirk continued in possession for 15 years and four months, until February 16, 1904, when he conveyed all of his property, including "all lands in said Alcona county, Michigan," to his wife, Mary L. Van Buskirk. There is no mention in this deed of the north ½ of lot 11 but on August 2, 1913, Mrs. Van Buskirk conveyed lots 10 and 11 to Duncan McRae, who had been indirectly connected with the property since 1884, having worked for the various mill owners, including the Van Buskirks. It is McRae's testimony that definitely establishes the uninterrupted adverse possession of Van Buskirk as to the north ½ of lot 11. In 1919 the record title was conveyed by McRae to defendant Reinhold A. Zeidler and wife, he holding title by survivorship, Mrs. Zeidler having died.

Plaintiff obtained his title to the north ½ of lot 11 by quitclaim from the Conklin heirs, for which he paid $10. His claim of title to the land built up by accretions he obtained in the same manner and for the same price from the Burton heirs. During the past 60 odd years neither Burton nor his heirs asserted any claims to or made any use of the shore or riparian rights. Charles Conklin, one of plaintiff's grantors, the son and heir at law of William Conklin, was for many years deputy county treasurer, county treasurer and abstractor of titles in Alcona county. In 1920 he wrote a letter to witness McRae in which he said, referring to tax titles on lot 4 and other lands:

"However the title could be set aside, as Van Buskirks have had peaceable possession for over 15 years."

Successive disseizins cannot be tacked so as to constitutè one and a single continuous possession unless there is privity of estate between the successive parties in possession, each coming in as the transferee of the possessory rights of his predecessor. *Sheldon* v. *Railroad Co.,* 161 Mich. 503.

"Where the grantee relies upon his deed to show privity of estate, he cannot have the benefit of the grantor's possession of lands which are not conveyed by the deed." *Wilhelm* v. *Herron,* 211 Mich. 339.

While each owner and operator of the mill had adverse possession of the north ½ of lot 11, none had it for the statutory period except Van Buskirk, who had uninterrupted adverse possession from 1888 to 1904 and by his deed in that year conveyed his possessory rights to his grantee. The adverse possession by Van Buskirk is sufficient to perfect his title, and by the particular terms of his deed the land in question was included. *Robertson* v. *Boylan,* 214 Mich. 27. Both he and his grantee as well as the others mentioned exercised a distinct and positive assertion of actual occupancy, hostile to the rights of the holder of record title. *Weber* v. *City of Detroit,* 159 Mich. 14 (36 L. R. A. [N. S.] 1056); *Houghton County* v. *Massie,* 215 Mich. 654. Defendant Zeidler is, under the proofs, the owner of the fee simple title to the property in question which he acquired from his predecessors through the adverse possession of Van Buskirk.

That the accretion or alluvium belongs to the owner of the land is settled by *Hilt* v. *Weber,* 252 Mich. 198 (71 A. L. R. 1238).

Defendants also rely on a judgment entered in Alcona county on May 6, 1925, in an action of ejectment involving the same land. A discussion of

this question is unnecessary in view of the controlling question of adverse possession.

Certain objections to the admission of evidence, the questions of stale claims and equities, suggestions of alterations of public records, and other matters referred to in appellant's assignments of error, have been examined. We are satisfied with the conclusions reached by the trial judge.

The decree is affirmed, with costs to appellees.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred.