MALINOWSKI, Appellant, vs. ELLIOTT and others,
Respondents.

*November 16—December 15, 1948.*

82

For the appellant the cause was submitted on the briefs of *Bogue & Sanderson* of Portage.

For the respondents there was a brief by *Brazeau & Graves*, attorneys, and *Richard S. Brazeau* of counsel, all of Wisconsin Rapids, and oral argument by *Richard S. Brazeau* and *Theo. W. Brazeau*.

MARTIN, J.   The evidence is undisputed that plaintiff had record title to the land on which the buildings were removed and sold by the school district.   It is also undisputed that since 1878 the school district had occupied the land on which the schoolhouse was located.   Not only did the school district occupy the lands for school purposes, but the area was fenced and the fence was kept up until about six years ago.   It was after the fence was down that cattle trespassed on the ground, but at that time the title was firmly established in the school district by adverse possession.

Our court has held that the mere holding for a period of twenty years or more is all that is required and establishes a presumption of title unless such presumption is overcome by some evidence.   The school district having occupied the premises continuously, openly, and exclusively for a period of sixty-eight years, the presumption arose that the title was in the school district and the burden was upon the plaintiff to show some reason why the school district was not the owner of the premises.

It was stated in *Progress Blue Ribbon Farms v. Harter* (1911), 147 Wis. 133, 136, 132 N. W. 895:

"A continuous user by plaintiff and its predecessors in title for over twenty years having been shown, the presumption arises that it was adverse, and the burden is cast upon the defendants to overcome such presumption by affirmative proof and show that such user was not adverse.   *Hamachek v.*

*Duvall*, 135 Wis. 108, 115 N. W. 634; *Ill. S. Co. v. Jeka*, 119 Wis. 122, 95 N. W. 97; *Closuit v. John Arpin L. Co.* 130 Wis. 258, 110 N. W. 222; *Ovig v. Morrison*, 142 Wis. 243, 125 N. W. 449."

Plaintiff contends that there was a written instrument which was in the nature of a conveyance of the property in question to the school district and that it was either a deed with a reverter clause or a lease. Therefore, plaintiff asserts that the defendant school district could obtain no title by adverse possession as the use of the property from the beginning was permissive.

The evidence relating to any written instrument is very vague and unsatisfactory. It is not conclusive enough for any probative value. There is no evidence as to what terms or rights may have been contained therein. There is, however, evidence that the school district owned the premises under its adverse possession and had a right to sell the school buildings.

The findings of the trial court cannot be disturbed unless they are against the clear weight of the evidence. We find ample justification in the evidence for the trial court's finding.

Pursuant to sec. 121.43, Stats., the defendants were not responsible for the delivery of the stove which plaintiff purchased at the auction. There is no evidence that anyone prevented her from taking the stove when she bought it, and there is no evidence that Mr. Tuttle, who took the school building and apparently the stove with it, refused to give her the stove, or how long it remained there, for her to take.

*By the Court.*—Judgment affirmed.