WIESE, Appellant, vs. SWERSINSKE, Respondent.

*November 3—December 1, 1953.*

For the appellant there were briefs and oral argument by *William N. Belter* of Wautoma.

For the respondent there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner, Sr.*

FRITZ, C. J.   The trial court in its memorandum opinion said in part:

"I am of the opinion that the plaintiff never did have adverse possession of this strip of land and that it had always been held under a deed and only claiming what the deed called for and that everybody thought the old fence was on the section line. So far as any evidence presented is concerned, that is the fact. The parties merely supposed the quarter-section line was where the old fence was and never beyond it and would, therefore, not be holding adverse but would be one of mistake as to where the line was."

The trial court was in error as to the law. In *Malinowski v. Elliott,* 254 Wis. 81, 83, 35 N. W. (2d) 331, this court stated:

"Our court has held that the mere holding for a period of twenty years or more is all that is required and establishes a presumption of title unless such presumption is overcome by some evidence."

Similarly, in *Mielke v. Dodge,* 135 Wis. 388, 115 N. W. 1099, it was held that even though a fence had been erected along a line with the intent that this was the true line between certain lots, adverse possession attached to this land as established by a fence. Also, even though there was some contention on the part of the defendant that some discussion was had as to a survey, the court in the case of *Brockman v. Brandenburg,* 197 Wis. 51, 54, 221 N. W. 397, stated:

"Nor do we think the agreement to procure a resurvey, if such agreement were made, interrupted the adverse character of the possession. . . . The character of his possession [adverse possessor] was not changed, and we can see nothing in this incident that can be construed as an interruption of his adverse possession of the land."

In the case of *Grell v. Ganser,* 255 Wis. 381, 39 N. W. (2d) 397, it was held that a fence line was established as a line to which adverse possession attached, even though it appeared that the fence was put up on one side of a road for

convenience, and all of the property making up the roadbed had been contributed by one of the parties; it was nonetheless held that his line had become the true line between the premises.

These rules have been followed by this court, and are further elicited and explained in 2 C. J. S., Adverse Possession, pp. 634–637, sec. 84. At page 634, it is stated:

"Under the generally accepted rule, one in possession up to a supposed line with an absolute claim of title thereto is deemed to hold adversely, although his claim of title may have originated in a mistaken belief that the supposed line was the true line, . . ."

And further, in 2 C. J. S., Adverse Possession, p. 635, sec. 84, it is stated:

"Possession for the statutory period under absolute claim of title up to a clearly defined boundary will ripen into adversary title irrespective of whether the claimed boundary is the true boundary, and although claimant admits that he did not know whether or not it was on the true line.

"It has been said that under such circumstances possession for the requisite period will ripen into adverse title, although it is shown that on taking possession claimant had no intention of taking what did not belong to him, or despite the fact that claimant is shown to have said that he wanted no more than was his, or had no intention of claiming beyond the true line, or that he had no desire to take any land belonging to the adjoining owner, . . . and, where he believes the marked line to be the true line and holds thereto under claim of right, it is immaterial what he might or might not have claimed had he known that he was mistaken."

The plaintiff therefore is entitled to a judgment quieting and establishing his title to that portion of the said northeast quarter of the southwest quarter lying east of the old fence line. This line was not determined by the trial court below. The great weight and clear preponderance of the evidence shows that plaintiff did not build upon the old fence line, but

built his fence two feet to the west thereof at the northerly point. The judgment should provide that the old fence line commences at a point 14 inches west of the stake set by the surveyor as the northwest corner of the northwest quarter of the southeast quarter and should continue in a southerly direction to a point where it intersects the southerly half of the fence as now standing.

The trial court was also in error by awarding to the defendant title to the 29 rods of fence built by the plaintiff. Sec. 90.06, Stats., provides the procedure for the situation before us. Nor do we know of any provision authorizing the court to divide partition fences. This situation is also covered by ch. 90, Stats.; and a proper division should be made by the town board acting as fence viewers if the parties cannot agree upon such division.

In other respects we agree with the trial court, particularly with the statement that both plaintiff and defendant would have been far better off without bringing into court a matter involving so little in area and value of land. We affirm his conclusion that neither party should recover damages, and affirm his action in awarding disbursements to the defendant.

*By the Court.*—Judgment reversed and cause remanded with directions to enter a judgment consistent with this opinion. Upon this appeal the appellant shall pay the clerk's fee, and further costs are denied to either party.