COCHRAN *v.* MILLIGAN.

1. ADVERSE POSSESSION—TACKING POSSESSION.
   A claim by adverse possession cannot generally prevail by tacking on possession by predecessors in title (CL 1948, § 609.1).

2. BOUNDARIES — ESTABLISHMENT BY MUTUAL CONSENT — ACQUIESCENCE—TACKING POSSESSION.
   Boundary line, established by mutual consent of the parties on either side thereof at the time uncertain as to the location, will be considered the true line between them, notwithstanding the period of acquiescence thereafter falls short of the time fixed by the statute of limitations for gaining title by adverse possession, as the acquiescence of predecessors in title may be tacked to that of the parties if necessary.

Appeal from Chippewa; Nebel (Richard W.), J. Submitted December 10, 1959. (Docket No. 98, Calendar No. 47,868.) Decided February 26, 1960.

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur, Adverse Possession §§ 156–158.
[2] 8 Am Jur, Boundaries §§ 80, 81.
   Establishment of boundary line by oral agreement or acquiescence. 69 ALR 1430, 113 ALR 421.

Bill by William J. Cochran, Lillian Cochran, Roland J. Fletcher, and Marion E. Fletcher against Elizabeth A. Milligan and Corwin D. Milligan, adjoining property owners, to determine rights in interjacent strip of land used as driveway and to enjoin trespass thereon. Decree adjudging defendant Elizabeth A. Milligan owner thereof. Plaintiffs appeal. Affirmed.

*Adams & Clevenger,* for plaintiffs.

EDWARDS, J. This is a controversy over 3 feet of property paralleling the boundary line between lots owned by 2 adjoining neighbors. Plaintiffs claim that a survey indicates that the true boundary line gives them ownership of a portion of a driveway previously used exclusively by defendants. After hearing, the circuit judge dismissed plaintiffs' bill of complaint, and plaintiffs appeal.

Plaintiffs are the record title owners and land contract purchasers of the west 1/2 of lot 9 and the east 3 feet of lot 8, and defendant Elizabeth Milligan is the owner of lot 8 with the exception of the 3 feet noted. Lots 8 and 9 originally had a frontage of 50 feet and a depth of 140 feet, and they front on Amanda street in the city of Sault Ste. Marie.

It appears that the transfer of the east 3 feet of lot 8 from defendant's predecessors in title to plaintiffs' predecessors in title occurred in 1937 and resulted from a survey which purported to show that part of the house now owned by plaintiffs was located on property owned by defendant's predecessors in title.

At hearing of this cause plaintiffs' predecessor in title, Earl H. Brock, testified that a survey of the premises of the west 1/2 of lot 9 showed his house to be located partly on his neighbor's lot, and that

he bought 3 feet of lot 8 to bring his land to the eaves of his house on the west side.

This record indicates that the new boundary was related to physical markers, was agreed to by the parties, and that the owners of the balance of lot 8 continued to use all the rest of the area between the 2 houses for a driveway appurtenant to lot 8 until June, 1957.

In 1957 another survey, upon which plaintiffs' claim is based, showed plaintiffs' boundary to be farther west than the parties had previously believed, and hence plaintiffs sought use of the driveway between the houses as a joint driveway.

Defendant refused this request, and plaintiffs filed a bill of complaint to enjoin defendant's continued use of the area in dispute. Defendant answered by claiming ownership of the entire driveway by deed and by adverse possession for 37 years.

It appears that defendant Elizabeth Milligan has had title to the balance of lot 8 for just under 15 years, but that use consistent with defendant's claims as to location of the boundary had extended through predecessors in title for a considerably longer period of time.

A claim by adverse possession cannot generally prevail by tacking on possession by predecessors in title. CL 1948, § 609.1 (Stat Ann § 27.593); *Killmaster* v. *Zeidler,* 269 Mich 377; *Stewart* v. *Hunt,* 303 Mich 161.

The circuit judge, however, noted that the boundary location herein was fixed by the parties in 1937 after the purchase of the 3 feet previously referred to and had been acquiesced to by all parties for 20 years thereafter. He said:

"From then on the ownership of the property treated this line as the boundary between their properties and the facts brought out in the testimony

clearly establish a mutual agreement between the predecessors in title.  *  *  *

"As a general rule acquiescence in a line fixed by oral agreement need not be for the full statutory period required in cases of adverse possession. Acquiescence for a reasonable period short of that time may be conclusive.  8 Am Jur, Boundaries, § 75, pp 799, 800; *Smith* v. *Hamilton,* 20 Mich 433 (4 Am Rep 398); *Jones* v. *Pashby,* 67 Mich 459 (11 Am St Rep 589)." .

The rule relied upon was set out thus in *Jones* v. *Pashby,* 67 Mich 459, 461, 462 (11 Am St Rep 589):

"It has been frequently held in this State that where parties by mutual agreement, and for that express purpose, meet and fix a boundary line, and thereafter acquiesce in the line so established between them, such line will be considered the true line between them, notwithstanding the period of such acquiescence falls short of the time fixed by the statute of limitations for gaining title by adverse possession."

This states a rule well established in this and most other jurisdictions.  *Tripp* v. *Bagley,* 74 Utah 57 (276 P 912, 69 ALR 1417); *Jones* v. *Scott,* 314 Ill 118 (145 NE 378); *Cooper* v. *Austin,* 58 Tex 494; *Steinhilber* v. *Holmes,* 68 Kan 607 (75 P 1019); *Turner* v. *Bowens,* 180 Ky 755 (203 SW 749).

See, also, 23 Mich L Rev 547; 69 ALR 1430, 1433, and cases collected thereunder.

This Court has in recent years reviewed the doctrine of establishment of a boundary line by acquiescence in *Johnson* v. *Squires,* 344 Mich 687.  This case held that the acquiescence of predecessors in title could be tacked to that of the parties.  See *Hanlon* v. *Ten Hove,* 235 Mich 227 (46 ALR 788); *Renwick* v. *Noggle,* 247 Mich 150.

There appears to be no doubt but that an agreement of the parties as to the location of the boundary

followed an 'uncertainty as to its location and was subsequently acquiesced to by all parties for 20 years.

.Affirmed.  Costs to appellees.

Dethmers, C. J., and Carr, Kelly, Smith, Black, and Kavanagh, JJ., concurred.

Souris, J., took no part in the decision of this case.