TENNANT v RECREATION DEVELOPMENT CORPORATION

1. NAVIGABLE WATERS—NAVIGABLE LAKES—LAKEBEDS—OWNERSHIP—
RIPARIAN OWNERSHIP—APPORTIONMENT.
The beds of navigable inland lakes are owned by the adjoining
riparian or littoral owners in approximate proportion to their
lakefront ownership; such apportionment is possible and per-
missible notwithstanding the fact that the body of water may
have an irregular shape.

2. NAVIGABLE WATERS—REAL PROPERTY—ISLANDS—TITLE TO ISLANDS.
Title to islands is ordinarily vested in the owner of the bed of
water out of which the islands arise.

3. PROPERTY—REAL PROPERTY—ACCRETIONS—OWNERSHIP OF ACCRE-
TIONS.
Accretions belong to the land from which they begin; for one to
successfully assert title to an accretion it must be contiguous to
the land of the one asserting title.

4. NAVIGABLE WATERS—REAL PROPERTY—RIPARIAN OWNERSHIP—
RIGHTS OF OWNERSHIP—ACCESS TO NAVIGABLE WATERS.
The rights associated with riparian ownership generally include:
(1) the right of access to navigable water, (2) the right to build
a pier out to the line of navigability, (3) the right to accretions,
and (4) the right to a reasonable use of the water; the right of
access to navigable waters is often considered the most impor-
tant of these rights.

5. NAVIGABLE WATERS—REAL PROPERTY—RIPARIAN OWNERSHIP—AC-
CRETIONS—RIGHT OF ACCESS.
The rule that alluvion formed by accretion belongs to the owner

REFERENCES FOR POINTS IN HEADNOTES
[1] 78 Am Jur 2d, Waters §§ 395–399.
[2] 78 Am Jur 2d, Waters §§ 436–438.
[3, 5, 6] 78 Am Jur 2d, Waters § 406 *et seq.*
Applicability of rules of accretion and reliction so as to confer upon
owner of island or bar in navigable stream title to additions. 54
ALR2d 643.
[4] 78 Am Jur 2d, Waters § 260 *et seq.*

of the land to which it is contiguous must yield where the circumstances are such that the full application of that rule in favor of one riparian owner would destroy or substantially impair the riparian right of access to open water of another owner.

6. Navigable Waters—Real Property—Riparian Ownership—
Land Formed by Accretion—Apportionment.

An alluvion formed by the process of accretion which is contiguous to a defendant's property and extends into the body of water laterally in front of a neighboring plaintiff's property should be apportioned between the parties by extending into the lake the lot line separating the parties' respective properties perpendicularly to the shore line.

Appeal from Manistee, Charles A. Wickens, J. Submitted June 10, 1976, at Grand Rapids. (Docket No. 24710.) Decided November 8, 1976.

Complaint by James Tennant and Alice Tennant against Recreation Development Corporation and Water Land Construction Company, Inc., for a determination of ownership of a peninsula of land formed by accretion contiguous to defendants' property and laterally in front of plaintiffs' property. Judgment in favor of defendants. Plaintiffs appeal. Reversed.

*Jennings & Devries,* for plaintiffs.

*John E. Hart,* for defendants.

Before: R. B. Burns, P. J., and M. J. Kelly and S. S. Hughes,* JJ.

M. J. Kelly, J. Plaintiffs brought an action in equity to establish ownership of a small peninsula of land that has formed by accretion to the south shore of Portage Lake.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The record shows that the parties are abutting riparian or littoral property owners with the plaintiffs on the east side owning Government Lot 4 and the defendants on the west side owning Government Lot 3. The alluvion which formed by the process of accretion is contiguous to the defendants' property and proceeds laterally in front of the plaintiffs' property, separated by a bay of water which is approximately 700 feet across, running north and south. At trial, the case was submitted to the court upon facts and exhibits which were stipulated to by the parties. Plaintiffs appeal as of right from the judgment entered by the trial court which adjudged the defendant, Recreation Development Corporation, to be the owner of the disputed parcel of land and ordered the action as to the defendant, Water Land Construction Company, dismissed with prejudice.

The issue is whether the owners of riparian or littoral property, attached to which is a deposit of alluvion created by the process of accretion extending laterally across a neighboring tract, should be awarded title to that part of the alluvion which has impinged upon the frontal riparian access of the neighboring tract.

The basic rules set forth by the parties in their briefs are impossible to harmonize under the facts of this case. On the one hand this state has generally recognized that the beds of navigable, inland lakes are owned by the adjoining riparian or littoral owners in approximate proportion to their lakefront ownership and that such apportionment is possible and permissible notwithstanding the fact that the body of water may have an irregular shape. *Lincoln v Davis,* 53 Mich 375; 19 NW 103 (1884), *Jones v Lee,* 77 Mich 35; 43 NW 855 (1889), *Grand Rapids Ice & Coal Co v South Grand Rapids*

*Ice & Coal Co,* 102 Mich 227; 60 NW 681 (1894), *Weisenburger v Kirkwood,* 7 Mich App 283; 151 NW2d 889 (1967). Additionally, case law has recognized that title to islands is ordinarily vested in the owner of the bed of water out of which they arise. *People v Warner,* 116 Mich 228; 74 NW 705 (1898), *Goff v Cougle,* 118 Mich 307; 76 NW 489 (1898), *Hanson v Way Estate,* 25 Mich App 469; 181 NW2d 537 (1970). On the other hand, this state has also adopted the rule that accretions belong to the land from which they begin. *People v Warner, supra, Hilt v Weber,* 252 Mich 198; 233 NW 159 (1930), *Killmaster v Zeidler,* 269 Mich 377; 257 NW 721 (1934). In *Schweikart v Stivala,* 329 Mich 180; 45 NW2d 26 (1950), the Court held that in order to successfully assert title to accretions they must be contiguous to the land of the one asserting title.

As the present case demonstrates, a conflict arises when the alluvion formed by the process of accretion begins to accumulate in a lateral direction impinging upon the riparian or littoral ownership and attendant rights of adjacent riparian property owners. The rights associated with riparian ownership generally include: (1) the right of access to navigable water, (2) the right to build a pier out to the line of navigability, (3) the right to accretions, and (4) the right to a reasonable use of the water for general purposes such as boating, domestic use, etc. *Hilt v Weber, supra,* p 225. Of the above, the right of access to navigable waters is often considered to be the most important right constituting the chief source of value of riparian property. *Cutliff v Densmore,* 354 Mich 586; 93 NW2d 307 (1958), 61 ALR3d 1173, § 2(a), p 1177.

We have found no Michigan case dealing with the precise issue. In *Rondesvedt v Running,* 19 Wis

2d 614; 121 NW2d 1 (1963), the plaintiff brought an action to quiet title to a peninsula of accreted land on an inland lake, which was attached to his property. The plaintiff and the defendant were adjacent riparian or littoral landowners. The peninsula proceeded laterally in front of defendant's adjacent property, but was not contiguous thereto. The peninsula was separated from defendant's property by a small bay of water approximately 130 feet across. The plaintiff therein relied upon the doctrine of accretion and claimed that he should be declared the owner of the entire parcel in dispute. The defendant contended that the accreted peninsula should be apportioned between the plaintiff and herself because the parcel in dispute arose out of the lake bed owned by her and because the alluvion impaired and would substantially destroy her direct access to the open waters of the lake. The Wisconsin Supreme Court held as follows:

"'We are also of the opinion that the principles applicable to the apportionment of lands formed by accretion among the owners of contiguous uplands is quite controlling as to the rights of the respective parties in this case. Such owners are entitled to lands made by accretion or reliction in front of their property and contiguous thereto in certain proportions, according to the formation of their respective shorelines. Houck, Rivers, § 162; 3 Washburn, Real Prop. 58; Angell, Tidewaters, 171. However such accretions may be commenced or continued, the right of one owner of uplands to follow and appropriate them ceases when the formation passes the line of his coterminous neighbors. "A littoral proprietor, like a riparian proprietor, has a right to the water frontage belonging by nature to his land, although the only practical advantage of it may consist in the access thereby afforded him to the water for the purposes of using the right of navigation. This

right is his only and exists by virtue and in respect of his riparian proprietorship." '

" * * * Although our present problem involves a deposit on a lake bed, we find persuasive the reasoning of the authorities cited, that accretion extending laterally is not to increase the amount of access of one owner to navigable water at the expense of other owners.

"The owner of lot 7, before the accretion occurred, had access to the open water of the lake by traversing the shallows in a direct line from any portion of her shore. She may still reach open water but, because of the process of accretion, may not do so by water in a direct line from all parts of her shore. The process is continuing and the impairment of access will be more substantial in the future.

"The rule relied upon by plaintiff, that alluvion formed by accretion belongs to the owner of the upland to which it is contiguous, is, in part at least, a recognition of the riparian right of that owner to access to the water. Where the circumstances are such that the full application of that rule in favor of one riparian owner would destroy or substantially impair the riparian right of another owner to access, we think the rule must yield.

"In discussing rules of apportionment, this court has said:

" ' * * * the dominant rule is that each must have his due proportion of the line bounding navigability and a course of access to it from the shore exclusive of every other owner, and that all rules for apportionment or division are subject to such modification as may be necessary to accomplish substantially this result.' "

* * *

"We conclude that defendant's right, as owner of lot 7, to access to the open water of the lake ought to be preserved, so far as possible, by apportioning to her part of the alluvion, as determined by the circuit court." 19 Wis 2d 619–621; 121 NW2d 1, 5–6. (Citations omitted.) (Footnotes omitted.)

The circuit court had apportioned the accreted

peninsula by extending the boundary line between plaintiff's and defendant's lots in a straight line perpendicular to the present shore line.

We find *Rondesvedt, supra,* to be persuasive authority for the following reasons: (1) the lake in *Rondesvedt,* and the lake in the case at bar are inland lakes similar in size;[1] (2) the arguments presented and the issue framed for the court in Rondesvedt are identical to the arguments presented to and the issue confronting this Court; (3) the facts in *Rondesvedt* are closely analogous to the facts in the present case; and (4) the reasoning of the Wisconsin Supreme Court is sound and the result equitable. The only difference between *Rondesvedt* and the case at bar is the difference in feet between the shore line, at the boundary lot lines, and the two accreted peninsulas. This difference is not of sufficient magnitude to preclude the application of the Wisconsin Supreme Court's analysis and result to the present case. Moreover, in the case at bar the possibility does exist that the process of accretion of the peninsula will continue in the future. Further, the majority of the few courts addressing themselves to this issue have also applied the rule of apportionment. 61 ALR3d 1173, § 3, p 1182.[2]

We find that the apportionment made by the circuit court and approved by the Wisconsin Supreme Court in *Rondesvedt* is reasonable. We hold that the Government Lot line separating the plaintiffs' and defendants' respective properties should

[1] Long Lake in the *Rondesvedt* case is 3,290 acres and Portage Lake in the case at hand is 2,110 acres.

[2] *See Mulry v Norton,* 100 NY 424; 3 NE 581 (1885), *Crandall v Allen,* 118 Mo 403; 24 SW 172 (1893), *Waring v Stinchcomb,* 141 Md 569; 119 A 336; 32 ALR 453 (1922), *Steinem v Romney,* 233 Md 16; 194 A2d 774 (1963), *United States v 1,629.6 Acres of Land,* 335 F Supp 255, 268–271 (D Del, 1971), *rev'd on other grounds,* 503 F2d 764 (CA 3, 1974).

be extended perpendicularly to the shore of Por-
tage Lake in a northerly direction and the ac-
creted property so apportioned.

Reversed.